HOWELL v. STATE.

Opinion delivered January 12, 1920.

1. RAPE AND CARNAL ABUSE—EVIDENCE.—In a prosecution for carnally knowing a female under 16, defendant, testifying in his own behalf, may be compelled on cross-examination to answer what his relationship with the girl was after she reached that age.

2. WITNESSES—IMPEACHMENT AS TO COLLATERAL MATTER.—In a prosecution for carnally knowing a female under 16, testimony contradicting that of the girl on direct examination that no man except defendant ever had carnally known her was competent; when a party in examination in chief is allowed to inquire about collateral facts, such testimony may be contradicted.

Appeal from Pike Circuit Court; *James S. Steel,* Judge; reversed.

*W. S. Coblentz,* for appellant.

1. The court erred in refusing to permit the witness, Harris, to testify that he saw the prosecuting witness having sexual intercourse with McKinnon. 22 R.

C. L. 1211; 10 R. C. L. 936; 33 L. R. A. (N. S.) 477; 54 Ark. 25.

2. Also in excluding the testimony of Nonus Harris. 42 Pac. Rep. 953.

3. It was error to allow the prosecuting attorney to ask defendant as to acts of intercourse with the prosecutrix after she was 16 years of age. 97 S. W. 566.

4. The comments of the prosecuting attorney in his argument were prejudicial. 2 R. C. L. 419. There was on evidence to base them upon and they were without foundation.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. There was no error in excluding the evidence offered. Evidence of intimacy with other men is inadmissible. 125 Ark. 272; 90 *Id.* 435; 72 *Id.* 409; 84 *Id.* 16; 15 *Id.* 624; 92 *Id.* 71; 103 *Id.* 119.

2. A cross-examining party is concluded by the answer the witness gives to a collateral matter, and no other evidence is allowable to contradict the witness. 99 Ark. 604; 34 *Id.* 480; 16 *Id.* 568; 103 *Id.* 119.

Cross-examination is largely within the discretion of the trial court. 103 Ark. 70.

3. There was no error in the remarks of the prosecuting attorney. 126 Ark. 354; 113 *Id.* 598.

SMITH, J. Appellant was convicted of carnally knowing one Carrie Sherman, a girl under the age of sixteen years. At the trial in the court below the prosecutrix, upon her direct examination, was asked if any man other than appellant had ever had sexual intercourse with her, and she answered that she had never had sexual intercourse with any man except appellant. Upon her cross-examination she repeated the statement. Appellant denied that he had sexual intercourse with the prosecutrix at the times and places stated by her, and while he admitted, upon his cross-examination, that he had had sexual intercourse with the prosecutrix, he stated this did not occur until after she was seventeen years old. Testi-

mony was offered in his behalf that another boy had had sexual intercourse with the girl; but this testimony was excluded.

Exceptions were saved to the action of the court in requiring appellant to answer the question whether he had had intercourse with the prosecutrix after she was sixteen years old. We think no error was committed in compelling appellant to answer what his relationship with the girl was after she became sixteen, as such testimony tended to show what the relationship between them was before she became sixteen.

We think, however, that error was committed in excluding the testimony contradicting the testimony of the prosecuting witness that no man except appellant had carnally known her. The rule announced in the case of *King* v. *State,* 106 Ark. 160, is not applicable here. There the testimony in regard to acts of intercourse with other men than the accused was brought out on cross-examination, and we said that as the testimony was collateral the answer of the witness, whether true or false, concluded the inquiry. But here the testimony was brought out by the State on the direct examination of the witness, and while she was cross-examined on this point that fact did not deprive appellant of the right to impeach her statement.

The identical question under consideration was passed upon in the case of *McArthur* v. *State,* 59 Ark. 435, where the court said: "The general rule is that when a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question; but this limitation only applies to answers in the cross-examination. It does not affect the answers to the examination in chief. Wharton's Crim. Ev. (8 Ed.), sec. 484; *State* v. *Sargent,* 32 Me. 429. When a party, in his examination in chief, is allowed to inquire about collateral acts, the opposing side will usually be allowed to contradict the witness by evidence showing to the contrary. The prosecuting attorney, after having asked Pearl Jones whether she had had sexual in-

tercourse with either of the sons of defendant, elected to proceed further, and to ask her if she ever had sexual intercourse with any man. It was, therefore, proper to allow defendant to contradict her by evidence tending to show that she had been guilty of such acts of illicit intercourse, though such evidence could not go in justification of the crime, but at most only to contradict and impeach the witness."

It is insisted that other rulings of the court were erroneous; but we think no other substantial error was committed.

For the error indicated the judgment is reversed and the cause remanded.