Bobbie Dean CAMERON *v.* STATE of Arkansas

CR 79-95                                        613 S.W. 2d 593

Supreme Court of Arkansas
Opinion delivered April 6, 1981

*Martindale & Holiman*, by: *Richard E. Holiman*, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant, Bobbie Dean Cameron, was charged and convicted of the rape of his eight year old daughter, Tanya. The jury imposed a sentence of forty years in the Department of Corrections. Appellant argues four points for reversal, two of which the State forthrightly concedes to be reversible error. We concur in that view.

All essential elements of the charge were amply supplied by the testimony of Lillie Marie Cameron, appellant's former spouse, and Tanya. Testifying in his own behalf, appellant denied raping his daughter. On direct examination he was asked: "Have you ever been in any trouble before as far as have you ever been convicted of a felony?" He answered, "Just one time," describing an altercation in which his brother was shot in the arm, resulting in a fine in municipal court. Appellant acknowledged two convictions for public drunkenness and a number of DWI convictions during the early 1970s.

On cross examination, appellant was asked:

Q: Do you ever recall a few years ago down on Highway 82 near Texarkana being with a fellow by the name of Carl LeMasters?

A: No, Sir, I don't know no ...

Q: Getting in trouble down there?

A: I don't know any Carl LeMasters.

COUNSEL FOR APPELLANT:

Your Honor, I object to this, that is not proper cross examination on credibility.

BY THE COURT:

Sustained.

Q: Did you give an overdose of narcotics to a lady down there who died and as a subsequent Carl LeMasters is now spending time in Cummins Prison on a manslaughter charge?

COUNSEL FOR APPELLANT:

Your Honor, I object to that.

BY THE COURT:

Overruled.

A: No, Sir, I do not know the fellow.

Q: You never pushed dope; never sold dope?

Q: And never used dope?

Q: Have you ever used LSD?

A: Yes, Sir, sure have, one time. I don't like that either, that all happened in Vietnam in the two and a half years I was over there.

Q: Do you remember the time a few years ago when you were in an automobile accident, a young girl was killed?

Q: You told the authorities that she was driving when the true facts were you were driving?

COUNSEL FOR APPELLANT:

Your Honor, I object to that.

BY THE COURT:

Overruled.

A: She was driving and I do remember the accident.

It may be that counsel for the state and the trial judge thought the earlier question to have. been "Have you ever been in trouble?" which would open the door to some extent to questions on cross examination touching on the truth of defendant's response. But the question asked was multiphasic, and in reality was limited by the second phase of the question, i.e., "as far as conviction of a felony is concerned?" and the state's right of cross examination was plainly subject to Rule 608 (b).

Rule 608 (b) of the Uniform Rules of Evidence provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfullness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness. ...

Recently, in *Gustafson* v. *State*, 267 Ark. 278, 590 S.W. 2d 853 (1979), this court adopted a three-fold test of admissibility under 608 (b), saying that 1) the question must be asked in good faith, 2) the probative value of the question must outweigh its prejudicial effect, and 3) the prior conduct must relate to the defendant's truthfulness. Quoting favorably from a New Mexico case, the court in *Gustafson* said:

> We do not hold that a question under Evidence Rule 608 (b), which asks for an admission concerning a felony, can never be asked. Our holding is that any one of such questions is prejudicial [citation omitted] and, if there is nothing indicating the question has probative value on the question of credibility, it is an abuse of discretion to permit the question. . . . We arrive at the same conclusion. *Gustafson* at 290.

Also in *Gustafson*, this court specifically disapproved language to the contrary in the earlier case of *Cox* v. *State*, 264 Ark. 608, 573 S.W. 2d 906 (1978):

We were also mistaken in *Cox* if we left the impression that a negative answer to an improper question results in no prejudicial error. There is no doubt that such a question harms a defendant's case. *Gustafson* at 291.

Most recently, in *Divanovich* v. *State*, 271 Ark. 104, 607 S.W. 2d 383 (1980), we held that the trial court erred in "permitting the state to question appellant on cross examination about instances of conduct which were not probative of his veracity." *Divanovich* at 107.

In the present case, the court permitted the prosecution to cross examine the defendant on allegations that he sold drugs, that he was involved in a fatal car accident, and that he was involved in a fatal drug overdose of an unnamed woman, for which a Carl LeMasters was now in prison. Of these questions, only one appears to have any relevance to the defendant's veracity or to his character for truthfulness or untruthfulness as required by the rule, and that is the question asking if he had not falsely reported that someone else was driving during a fatal accident. But this problem was cured by an admonition to the jury to disregard it after an in-chambers hearing established an absence of any basis in fact for the question. The other matters were left for the jury to consider and resulted in reversible error, as the State candidly concedes. The prejudicial effect of such questions is not remedied by the fact that they were answered in the negative. As was made clear in *Gustafson*, "There is no doubt that such a question harms a defendant's case."

Although the issue discussed disposes of the case on this appeal, the appellant urges two other points for reversal. First, the appellant argues that the trial court improperly allowed the State to ask leading questions of its own witness. However, it is improbable that questions will be phrased in exactly the same manner on retrial, and any error is not likely to recur, therefore we do not reach this point.

Second, the appellant argues that the trial court improperly sustained objections to the testimony of one of the defense witnesses because of an insufficient foundation for the testimony. But the record is devoid of any offer of proof

as to what the witness would have testified to had he been permitted. We cannot speculate as to whether a proper foundation for the testimony can be established on retrial, hence, discussion is pointless.

For the reasons stated, the trial court erred in permitting the prosecution to cross examine the defendant regarding specific instances of prior conduct which do not bear on the defendant's veracity. Rule 608 (b). We must therefore reverse. *Gustafson* and *Divanovich, above.*

Reversed and remanded.

DUDLEY, J., not participating.