Russell Hillman McKINNON *v.* STATE of Arkansas

CR 85-81                                    695 S.W.2d 826

Supreme Court of Arkansas
Opinion delivered September 23, 1985
[Rehearing denied October 28, 1985.*]

---

\* Purtle, J., not participating.

*Tucker & Thrailkill,* by: *Patricia A. Tucker,* for appellant.

*Steve Clark,* Att'y Gen., by: *Connie Griffin,* Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was convicted of rape and was sentenced as an habitual offender to imprisonment for 40 years. The sufficiency of the State's proof is not questioned, it having been shown that McKinnon had engaged by forcible compulsion in deviate sexual activity with a girl (who was eleven years old at the time). Two points for reversal are argued.

First, it is insisted that the prosecution should not have been allowed to cross-examine McKinnon about his past use of aliases. He admitted that he had used the name Steve Owens to conceal his whereabouts from his wife. He implied that he had used other aliases, by stating that if he had used a name close to Ralph Hillman, he didn't remember it.

Uniform Evidence Rule 608 provides that specific instances of misconduct, if probative of truthfulness or untruthfulness, may be inquired into on cross-examination. We have construed this to mean a lack of veracity rather than dishonesty in general. *Rhodes* v. *State,* 276 Ark. 203, 634 S.W.2d 107 (1982). The federal courts, in construing the similar federal rule, hold that cross-examination about the use of false names or identities is permissible to show a lack of truthfulness. *United States* v. *Mansaw,* 714 F.2d 785 (8th Cir. 1983), cert. denied 104 S.Ct. 403, 434; *United States* v. *Reid,* 634 F.2d 469 (9th Cir. 1980) cert. denied 454 U.S. 829 (1981). As was said in a case before the

adoption of the federal rules of evidence: "If a man lie about his own name, might he not tell other lies?" *Lyda* v. *United States*, 321 F.2d 788 (9th Cir. 1963). We agree with those decisions.

Second, the trial judge instructed the jury on rape (AMCI 1803), carnal abuse in the first degree (AMCI 1804), and sexual abuse in the first degree (AMCI 1808), which are all felonies. It is argued that the lesser included misdemeanors of carnal abuse in the third degree (AMCI 1806) and sexual misconduct (AMCI 1807) should also have been submitted, because there was evidence from which the jury might have found McKinnon guilty of either of those misdemeanors.

■ We might dispose of this argument by simply saying that no prejudice has been shown, because we have frequently held that when the jury convicts a defendant of a serious offense, here rape, rather than a less serious included offense, here first-degree carnal abuse, about which the jury was also instructed, the court's refusal to submit a third offense that is included but is even less serious than the other two cannot be prejudicial. *Sherron* v. *State*, 285 Ark. 8, 684 S.W.2d 247 (1985); *Outler* v. *State*, 154 Ark. 598, 243 S.W. 851 (1922); *Jones* v. *State*, 102 Ark. 195, 143 S.W. 907 (1912). This case falls within that principle.

■ On the merits, however, counsel is mistaken in arguing that the evidence would have justified the trial court in submitting to the jury the misdemeanors of third-degree carnal abuse and sexual misconduct. The court submitted the offense of first-degree carnal abuse, which does not involve forcible compulsion and is committed when a person aged 18 or older engages in deviate sexual activity with a victim less than 14 years old. It is undisputed that at the time of the offense the victim was 11 years old and McKinnon at least 37. Thus the proof would have supported a finding of first-degree carnal abuse. Carnal abuse in the third degree, by contrast, is committed when a person aged 20 or older engages in deviate sexual activity with a victim less than 16 years old. As between the two offenses, there was no rational basis for a verdict acquitting McKinnon of first-degree carnal abuse but convicting him of third-degree. That is so because the legislature meant to create a lesser offense when the victim is between 14 and 16 than when the victim is under 14. Since the victim here was 11, the lesser offense was not involved. The

requested submission was therefore properly refused on its merits. Ark. Stat. Ann. § 41-105(3) (Repl. 1977).

■ There was also no basis for submitting the offense of sexual misconduct, which by definition is committed when a person of any age engages in deviate sexual activity with a victim less than 16 years old. § 41-1807. Obviously this definition overlaps that of other related offenses in the Code. The Commentary to the section explains that it is inserted as a useful plea-bargaining tool and that its only substantive purpose is to fill gaps in other sections that would otherwise occur when the offender is less than 18 or less than 20 years old. McKinnon was almost twice those ages; so the offense of sexual misconduct had no place in this trial.

Affirmed.

PURTLE, J., not participating.