Jim James Junior LASITER *v.* STATE of Arkansas

CR 86-100                                              717 S.W.2d 198

Supreme Court of Arkansas
Opinion delivered October 13, 1986

*Witt Law Firm, P.C.*, by: *R. Kevin Barham*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was convicted of having raped his eight-year-old niece once in 1983 and five times on successive Sundays in 1984, while his sister-in-law, the child's mother, was away from the home occupied by the three of them. The jury imposed six life sentences, which were made to run concurrently. The sufficiency of the evidence has not been questioned. The primary issue for the jury was that of credibility as between the prosecutrix, who described in detail what she said had occurred, and the defendant, who testified that he had never molested the child in any way.

Lasiter's original attorney was Brian K. Mueller. After the trial Lasiter obtained other attorneys, who filed a motion for a new trial on the ground of ineffective assistance of counsel in that the State had been allowed without objection to introduce inadmissible, prejudicial testimony. At the hearing on the motion Mueller explained at some length his reasons for not making objections. Those reasons were not good ones. This appeal is from the trial court's refusal to grant a new trial. Ordinarily we do not consider a charge of ineffectiveness when a case is first appealed, for the facts relevant to that issue have not been developed. When, however, as in this case, the proof is presented at a hearing on a motion for a new trial, it is certainly a sensible procedure for all the issues to be disposed of in a single appeal.

The appellant argues several instances of ineffectiveness, but we need discuss only two, for we hold that a new trial

must be granted on the basis of those two. The standards by which counsel's performance is to be judged were considered in detail in *Mason v. State*, 289 Ark. 299, 712 S.W.2d 275 (1986). There we summed up the defendant's burden of proof in this language:

> With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

In the case at bar both instances of professional misconduct related to proof that Lasiter had assertedly raped his own daughter several times ten or eleven years earlier, when she was about fourteen or fifteen years old. That matter was first mentioned in the prosecutrix's deposition which had been video-taped by a policewoman under a 1981 statute. Ark. Stat. Ann. § 43-2036 (Supp. 1985). The deposition was introduced by the prosecutor and was read to the jury. In that deposition the prosecutrix stated that the defendant (her uncle) had told her in the course of the incidents between them that he had done the same thing to his daughter (the prosecutrix's cousin). Attorney Mueller had read the deposition before the trial, but he made no objection to that part of it.

The second instance was even more damaging to the defense. The prosecution had brought up, in the deposition, the allegation that Lasiter had raped his daughter. Lasiter testified in his own defense and said that his daughter had made up the story because she was mad at him. The prosecutor later called the daughter as a rebuttal witness. Here are excerpts from her testimony:

Q. What did [the prosecutrix] tell you?

A. That my father had had sex with her.

Q. Did she go into detail, did she describe it or what did she say to you, as best you can remember?

A. That, you know, he just went all the way, and that's about all she really said.

Q. Did you believe her?

A. Yes, sir.

Q. Why did you believe her?

A. Because the same thing happened to me.

\* \* \* \* \*

Q. What did he do to you?

A. The same thing he done to Shannon.

Q. What is that?

A. Had sex.

Q. Sexual intercourse with you?

A. Yes, sir.

Q. He raped you?

A. Yes, sir.

Mr. Mueller made no objection to any of this testimony, explaining later that he thought it was admissible as rebuttal. There can be no doubt that in the present case Lasiter's asserted rape of his daughter was not admissible. *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954). It should have been objected to before the deposition was read into evidence. If that had been done, there would have been no reason for Lasiter to bring up the other incident when he elected to testify. There would then have been no repetition of the assertion on rebuttal. Even though it was the prosecutor who was at fault in bringing an unrelated crime into the case, defense counsel was also at fault in failing to object to the evidence.

It is clear enough that the defendant, in making the complaint of ineffectiveness, has shown a reasonable probability of prejudice sufficient to undermine confidence in the outcome. In a case involving alleged sexual abuse of a child, it is hard to conceive of testimony more damaging than proof that the accused had raped his own daughter when she was a child. Yet that inadmissible but devastating testimony was allowed to be introduced without either an objection or a demand for a mistrial. Moreover, the prosecutor drove home the point in his closing argument, again without objection. That prejudice actually

resulted is clearly indicated by the jury's imposition of six life sentences, the maximum punishment on the six charges. All that is necessary is a reasonable probability of prejudice, as to the sentences if not as to the finding of guilt. That showing has been made.

Reversed and remanded for a new trial.