Johnny Steve McFADDEN *v.* STATE of Arkansas

CR 86-97                                  717 S.W.2d 812

Supreme Court of Arkansas
Opinion delivered October 20, 1986

178

*Robert S. Blatt*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant was charged with rape of his stepdaughter, aged thirteen. On direct examination he testified he had not raped her or any of the other children who had been living with him and their now deceased mother. The only question presented is whether it was error to permit the prosecution to present rebuttal testimony from another, younger stepdaughter that she too had been raped by the appellant. We hold it was not error and thus affirm.

The appellant argues that Arkansas Rules of Evidence 608(b), prohibits the admission of extrinsic evidence of the misconduct of a witness, and that our decision in *Gustafson* v. *State*, 267 Ark. 278, 590 S.W.2d 853 (1979), said we would give the rule a restrictive interpretation. We agree with both statements, but neither applies in a case where the accused has testified that he has not engaged in certain misconduct extrinsic to the offense with which he is charged.

In *Gustafson* v. *State, supra*, and in *Cameron* v. *State*, 272 Ark. 282, 613 S.W.2d 593 (1981), also cited by the appellant, the issue was the propriety of cross examination about prior bad acts. There is no question here about the propriety of the prosecution's cross examination. The prosecution did ask the appellant, as he had been asked on direct examination, about the other children, but no objection was made to the questions, and the appellant's responses did not vary from his testimony on direct examination.

In *Kellensworth* v. *State*, 275 Ark. 252, 631 S.W.2d 1

(1982), reh. den. 275 Ark. 259A, 631 S.W.2d 4 (1982), the accused's mother testified in his trial for rape and burglary that he "worshipped" his former wife. On cross examination both the accused and his father testified that the accused loved his former wife. The prosecution then called the former wife who testified the accused had pulled a gun on her, tried to run her off the road, knocked her against a brick wall, and struck her. We held this evidence of other crimes was not proper rebuttal evidence. In its argument for rehearing the state cited *Howell* v. *State*, 141 Ark. 487, 217 S.W.2d 457 (1920), for the proposition that when an accused gives direct evidence it may be impeached by contradictory testimony. In response, we clearly distinguished *Kellensworth* v. *State, supra*, from *Howell* v. *State, supra*, by pointing out that the situation would have been like the *Howell* case if Kellensworth had testified that he had never mistreated his wife by striking or beating her. We said the evidence given by Kellensworth's mother in direct examination on Kellensworth's behalf was no more than "a statement of opinion as to general character, not specific instances of good conduct." In the case before us now, the appellant testified on direct examination that he had molested neither the prosecutrix nor any of the other children. It was exactly the kind of testimony so carefully distinguished upon rehearing in *Kellensworth* v. *State, supra*, from that of Kellensworth's mother.

The state has cited *Pursley* v. *Price*, 283 Ark. 33, 670 S.W.2d 448 (1984), and *Wilburn* v. *State*, 289 Ark. 224, 711 S.W.2d 760 (1986), cases in which we held that by giving direct evidence of good character a party opens the door to rebuttal evidence showing bad character. In *Wilburn* v. *State, supra*, we pointed out that by thus opening the door, that which might have been inadmissible became admissible. The same principle applies here. Rule 404(b) would have precluded introduction of the evidence of another crime by the state just for the purpose of showing that the appellant was a person of bad character, "or to show that he acted in conformity therewith." The rule does not preclude evidence showing the commission of another crime if there is some other, proper purpose for its admission into evidence. In *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 598 (1980), we held evidence of other crimes could be admitted when it was relevant to the main issue of the guilt or innocence of the accused

other than to show the accused's character or action in conformity therewith. Here there is the same kind of independent relevancy although it is not on the main issue but goes to rebuttal of the accused's direct testimony.

■ When evidence of the commission of a crime by the accused is produced, it is highly prejudicial to the accused, whether it is evidence that he committed the crime charged or some other crime. If it is of some other crime, we must consider whether the prejudice is unfair. In *Price* v. *State, supra,* we said:

> Although Rule 404(b) does not expressly provide for a balancing test with respect to the prejudicial effect of other crimes evidence where independent relevancy is established, the primary reason for excluding such evidence in the first instance is its prejudicial nature. Since an objection to the admission of other crimes evidence inherently raises an issue of prejudice, it is mandatory for the trial judge to also review the objections under the evidentiary standards prescribed by Rule 403. Therefore, other crimes evidence will be admitted only if it has independent relevancy and its relevancy is not "substantially outweighed" by the danger of unfair prejudice. These are issues which the trial judge has wide discretion in deciding, and he will not be reversed on appeal unless he has abused such discretion. [268 Ark. at 539, 597 S.W.2d at 599-600.]

Here counsel for the appellant objected specifically on the basis of Rule 403, and the trial court overruled the objection.

■■ In determining the weight to be given the probative value of rebuttal evidence that the accused committed a crime other than the one for which he is being tried, the judge may consider the fact that if the evidence is not admitted the accused may lie with impunity. This has been called "fighting fire with fire." *Pursley* v. *Price, supra*; C. McCormick, Evidence, § 57 (3rd ed. 1984). A good example appeared in *Walder* v. *United States,* 347 U.S. 62 (1954), where the Supreme Court held it was not error to admit evidence that an accused had committed another crime to rebut testimony in which he said he had not done it. The other crime was one with which the accused had been charged, but the charge had been dropped when it was ruled that the search and seizure leading to the charge was illegal. Noting that the

doctrine of *Weeks* v. *United States*, 232 U.S. 383 (1914), and the Fourth Amendment protected the accused against the admission of unlawfully seized evidence, Mr. Justice Frankfurter wrote:

> It is one thing to say that the Government cannot make an affirmative use of evidence unlawfully obtained. It is quite another to say that the defendant can turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths. Such an extension of the *Weeks* doctrine would be a perversion of the Fourth Amendment.

> Take the present situation. Of his own accord, the defendant went beyond a mere denial of complicity in the crimes of which he was charged and made the sweeping claim that he had never dealt in or possessed any narcotics. Of course, the Constitution guarantees a defendant the fullest opportunity to meet the accusation against him. He must be free to deny all the elements of the case against him without thereby giving leave to the Government to introduce by way of rebuttal evidence illegally secured by it, and therefore not available for its case in chief. Beyond that, however, there is hardly justification for letting the defendant affirmatively resort to perjurious testimony in reliance on the Government's disability to challenge his credibility. [347 U.S. at 65, footnote omitted.]

*See also, People* v. *Westek*, 31 Cal. 2d 489, 190 P.2d 9 (1948); *State* v. *Barnett*, 156 Kan. 746, 137 P.2d 133 (1943). Cf. *State* v. *Johnson*, 94 Ariz. 303, 383 P.2d 862 (1963).

██ Just as in the *Walder* case it would have been a perversion of the Fourth Amendment to have excluded the evidence, in the case before us it would be a perversion of Rules 403 and 404(b) to say the state could not rebut testimony of an accused, given on direct examination, about his not having committed other crimes.

Although it is not argued, we should note that the appellant would have been entitled to an instruction limiting the jury's consideration of the testimony in question to the issue of his veracity. *See Price* v. *State, supra*, and *Alford* v. *State*, 223 Ark.

330, 266 S.W.2d 804 (1954). However, he sought no such instruction. Rather, his counsel announced that no such instruction could cure the prejudice resulting from the testimony. The burden is on the accused to seek an admonitory instruction. *Price* v. *State, supra; Miller* v. *State*, 269 Ark. 341, 605 S.W.2d 430 (1980).

■ We find the trial judge was correct, and he did not abuse his discretion by admitting the testimony of the sister of the prosecutrix that she too had been raped by the appellant.

Affirmed

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion because not only does it hold directly contra to our recent decision in *Lasiter* v. *State*, 290 Ark. 96, 717 S.W.2d 198 (1986), more importantly, it further erodes the landmark case of *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954). In *Alford* this Court stated:

> No one doubts the fundamental rule of exclusion, which forbids the prosecution from proving the commission of one crime by proof of the commission of another. The State is not permitted to adduce evidence of other offenses for the purpose of persuading the jury that the accused is a criminal and therefore likely to be guilty of the charge under investigation. In short, proof of other crimes is never admitted when its only relevancy is to show that that the prisoner is a man of bad character, addicted to crime.

The fundamental rule of exclusion has not changed with the enactment of A.R.E. Rule 404(b). However, the exceptions have so proliferated that *Alford* is no longer a citadel; it is only a skeleton. I do not want to see it obliterated.

In the *Lasiter* case this Court held that it was prejudicial error to allow the accused's daughter to testify against him at the trial of the allegation that he raped his niece. The daughter testified that her father had raped her on earlier occasions. Relying on *Alford*, we held that the failure of defense counsel to object to such testimony amounted to ineffective assistance of counsel.

In the present appeal the accused was on trial for raping his stepdaughter. Evidence that he had raped another stepdaughter was admitted over the appellant's objection. In both this appeal and *Lasiter*, the evidence was introduced to rebut the direct testimony of the accused that he had not committed an extrinsic offense.

By any fair standard an accused is entitled to be tried only for the offense under consideration. No matter how nice an exception may be carved out, it is usually just another invasion of this fundamental rule of fairness. Soon it will be the practice of the state to ask an accused about any and all convictions, crimes and rumors. This decision today has a chilling effect on the right of an accused to take the stand.

How can it be said that the testimony of another of appellant's stepdaughters that she too had been raped by her father had independent relevance which was not substantially outweighed by the danger of unfair prejudice? See A.R.E. Rule 403.

This opinion relies upon the cliché that the state was "fighting fire with fire," as this evidence was used in rebuttal of the appellant's direct testimony. The appellant was not on trial for the prior bad act, and I think defense counsel properly objected on the basis of Rule 403. It's hard to think of any evidence which could have been more prejudicial. See *Lasiter, supra.*

The majority opinion announces a broad and sweeping general statement of law which will no doubt be used in the future to admit the testimony of any other person who is willing to testify that he or she has had sexual relations of any sort with the accused. Presently it is required that the accused must first take the stand and deny such an act before it can be introduced against him. How far is that from allowing such evidence after appellant pleads not guilty? Given the speed with which we are making exceptions to A.R.E. 404(b), it will not be long until we completely eliminate the rule and its intended purpose.

In my opinion the majority is using slick words to disguise yet another exception to the fundamental rule of exclusion which prohibits the state from introducing evidence of other offenses for

the purpose of persuading the jury that the accused is a criminal and "therefore likely to be guilty of the charge under investigation." *Alford, supra.* I believe the exceptions should be restricted rather than enlarged. Soon there will no longer be a rule to exclude the introduction of prior bad acts if offered for the purpose of showing that the accused did it before and he, therefore, probably did it again this time.

I would reverse and remand.