Terry URQUHART *v.* STATE of Arkansas

CA CR 89-108                                    782 S.W.2d 591

Court of Appeals of Arkansas
Division I
Opinion delivered January 17, 1990

64

*Cross, Kearney & McKissic*, by: *Othello C. Cross*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Terry Urquhart, appeals his conviction of delivery of a controlled substance (cocaine) for which he received a sentence of ten years in the Arkansas Department of Correction and a fine of $5,000. For reversal, he raises the following three issues: (1) the trial court erred in denying appellant's motion to dismiss based upon the invalidity of the arrest warrant; (2) the trial court erred in improperly limiting appellant's cross-examination of the state's witness, Officer Robert Thomas, as permitted under Rule 608(b) of the Arkansas Rules of Evidence; and (3) the trial court erred in failing to suppress the in-court identification based upon no physical description being supplied either to the state or appellant prior to trial. We find merit in the second issue raised by the appellant, and accordingly we reverse and remand.

The record reveals that the appellant's arrest and subsequent conviction stemmed from a drug "sting" operation in Pine Bluff. The operation was conducted by the local police department and involved the use of an undercover police officer, Robert Thomas, who was associated with the Drug Task Force from El Dorado. Officer Thomas testified that he, accompanied by a confidential informant, made a purchase of cocaine from the appellant for $150 on September 17, 1987. At trial, the state only offered the testimony of Officer Thomas and a chemist from the State Crime Laboratory, Kim Brown, who related that the substance in question that was tested was cocaine.

As his second point on appeal, the appellant argues that the trial court erred by not allowing him to cross-examine Officer Thomas concerning certain alleged instances of misconduct pursuant to Rule 608(b) of the Arkansas Rules of Evidence. We agree.

Rule 608(b) provides in part as follows:

(b) Specific Instances of Conduct. Specific instances of the conduct of a witness for the purpose of attacking or supporting his credibility . . . may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness.

In interpreting this rule, the supreme court has adopted a three-fold test for admissibility: (1) the question must be asked in good faith; (2) the probative value must outweigh its prejudicial effect; and (3) the prior conduct must relate to the witness's truthfulness. *Mackey* v. *State*, 279 Ark. 307, 651 S.W.2d 82 (1983). The latter prong of the test has been taken to mean a lack of veracity rather than dishonesty in general. *McKinnon* v. *State*, 287 Ark. 1, 695 S.W.2d 826 (1985); *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982).

In the case at bar, the substance of the proffered inquiry involved two instances in which Officer Thomas had allegedly made false statements, to a captain of the Pine Bluff Police Department in his initial interview, and to a deputy prosecuting attorney there concerning ownership of a firearm. Records from the Pine Bluff Police Department were also proffered revealing that each occurrence resulted in disciplinary action.

It is clear from the proffered evidence that the intended questioning was being pursued in good faith. Also, it is without question that these instances of misconduct involving the giving of false statements are related to the witness's veracity, and were thus probative of his capacity for truthfulness as required by the rule. Our supreme court has looked to the decisions of the federal courts when construing Rule 608(b). *See McKinnon* v. *State*, *supra; Rhodes* v. *State*, *supra.* In *United States* v. *Fortes*, 619

F.2d 108 (1st Cir. 1980), the court said:

> A witness' response to a question whether he told the truth on a previous occasion could well be probative of his character for truthfulness or untruthfulness. And, when a case turns to a large extent on the credibility of defendant's accuser, broad cross-examination of that principal witness should be allowed. Still, the district court is not bound to allow examination into every incident, no matter how remote in time and circumstance, that may possibly bear upon the witness' veracity. In reviewing the trial judge's exercise of discretion, one factor to be considered is the extent to which the excluded question bears upon character traits that were otherwise sufficiently explored. The court need not permit unending excursions into each and every matter touching upon veracity if a reasonably complete picture has already been developed.

*Id.* at 118 (citations omitted). *See also United States* v. *Cole*, 617 F.2d 151 (5th Cir. 1980) (inquiry concerning the submission to a former employer of a false excuse for being absent from work permissible).

    ■ As was recognized by the court in *Rhodes* v. *State, supra,* this witness's "credibility was a key to the state's case and it was crucial to the appellant's case that he be allowed to conduct as full an impeachment of the witness's credibility as the rules of evidence allow." Under the facts of this case, we therefore conclude that the appellant should have been allowed to pursue this line of questioning, and that the trial court abused its discretion by limiting cross-examination on this issue. However, in so holding, we do note that the rule expressly prohibits the introduction of extrinsic evidence to prove such misconduct, even if the witness denies the event. *See Rhodes* v. *State, supra.*

    ■ We will address the remaining issues to the extent that they are likely to arise on remand. First, the appellant contends that the trial court erred in denying his motion to dismiss based on the alleged invalidity of the warrant issued for his arrest. We cannot agree with this contention as an illegal arrest alone does not provide grounds for dismissal. An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction. *United States* v. *Crews*, 445 U.S.

463, 474 (1980). An invalid arrest may call for the suppression of a confession or other evidence but it *does not entitle* the defendant to be discharged from the responsibility for the offense. *Clark* v. *State*, 26 Ark. App. 268, 764 S.W.2d 458 (1989), *citing Pipes* v. *State*, 22 Ark. App. 235, 738 S.W.2d 423 (1987) (emphasis supplied).

■ Assuming *arguendo* that the arrest warrant was invalid, our analysis would then proceed to a determination of whether in any event there was probable cause to effect a warrantless arrest. *See* e.g. *Davis* v. *State*, 293 Ark. 472, 739 S.W.2d 150 (1987); *Allen* v. *State*, 277 Ark. 380, 641 S.W.2d 710 (1982). For even if the arrest warrant must fail, an arrest itself is valid if it is otherwise supported by probable cause. *Davis* v. *State, supra.*

■■ Probable cause to arrest without a warrant exists when the facts and circumstances within the officer's collective knowledge and of which they have reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed by the person to be arrested. *Rose* v. *State*, 294 Ark. 279, 742 S.W.2d 901 (1988). Given that Officer Thomas purportedly made a direct purchase of a controlled substance from the appellant, we conclude that there was probable cause for his arrest, even in the absence of a valid arrest warrant.

As his final issue, the appellant argues that the trial court erred in failing to suppress Officer Thomas' in-court identification of the appellant as no physical description was supplied prior to trial. It is the appellant's contention that such evidence was inadmissible because Officer Thomas did not provide, or his reports did not contain, a physical description of the alleged offender. We take part of his argument to mean that the absence of a description rendered the identification "unreliable."

■ The cases referred to us by the appellant all involve the exclusion of in-court identifications based on suggestive pre-trial identification procedures. These references are inapplicable to the case at bar as the record does not indicate that such a pre-trial procedure was utilized. Instead, the record reflects that the officer's identification was based upon his independent recollection of the event in question. The subsequent in-court identifica-

tion without a written record of the suspect's physical description did not necessarily render it unreliable. Even assuming that the reliability of the in-court identification was at issue, based upon the absence of a description of the offender, under these circumstances we regard this not as a matter of admissibility but as one of the weight and credibility to be given to the witness's testimony. This, of course, is a subject that can be adequately tested on cross-examination. Inasmuch as the appellant has cited no authority for the proposition that the lack of a physical description is a bar to identification testimony, we find no error in this regard. *See Bonds* v. *State*, 296 Ark. 1, 751 S.W.2d 339 (1988).

REVERSED and REMANDED.

COOPER and JENNINGS, JJ., agree.