Len Jeffery HILL *v.* STATE of Arkansas

CA CR 90-91                                    803 S.W.2d 935

Court of Appeals of Arkansas
Division II
Opinion delivered February 13, 1991
[Rehearing denied March 13, 1991.]

*McDaniel & Wells*, by: *John Barttelt*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Len Jeffery Hill appeals from his conviction of eight counts of delivery of a controlled substance, advancing several points of error. We find sufficient merit in one of them to warrant reversal and remand for a new trial. We also address two other points due to the likelihood that they will arise again on retrial.

The State introduced evidence that on eight occasions appellant purchased controlled substances with money furnished to him by undercover police officer Roger Ahlf or Ahlf's confidential informant, Paul Carruthers. After each purchase, appellant delivered the controlled substance to the officer and his informant. Appellant admitted that he had delivered controlled substances in exchange for money on those occasions but contended that he had been entrapped. In anticipation of appellant's defense of entrapment, the State in its case-in-chief elicited from both Ahlf and Carruthers that they had been engaged in an undercover narcotics operation for a period of six months, during which over one hundred arrests had been made. They testified that the operation had been conducted properly in every respect and that none of those arrested had been subject to entrapment, inducement, or intimidation. They also testified that Carruthers had been advised not to carry a weapon or engage in any violent action during the operation and that he had complied with that instruction. Both testified that they had not used, sold, or given away any drugs during that period. Each vouched for the good conduct of the other and denied that they had committed any specific acts of misconduct during the operation.

After appellant cross-examined the two witnesses about these subjects, and after the State rested its case, appellant sought to impeach their testimony through contradictory proof about the manner in which the operation had been conducted and its integrity. Appellant proffered for the record the testimony of four witnesses who were investigated for and/or charged with drug-related crimes as a result of their involvement with Ahlf and Carruthers during this six-month police operation. Those four witnesses variously would have testified that during this period they had been induced by Ahlf and Carruthers to commit drug-related crimes, that Ahlf and Carruthers had both used and given away drugs to them, that Carruthers carried a weapon at all times, and that he had once pulled the weapon in order to intimidate a fifth person.

The trial court excluded this evidence on the ground that it was collateral, extrinsic, and, as such, prohibited by Ark. R. Evid. 608(b). We agree with appellant that the trial court erred in so ruling.

Rule 608(b) of the Arkansas Rule of Evidence prohibits the introduction of extrinsic evidence of specific instances of a witness's conduct, other than conviction of a crime, for the purpose of impeaching his credibility. However, Rule 608(b) has no application on the issue of "impeachment by contradiction." *Garst* v. *Cullum*, 291 Ark. 512, 726 S.W.2d 271 (1987); *McFadden* v. *State*, 290 Ark. 177, 717 S.W.2d 812 (1986). Since the Arkansas Rules of Evidence do not provide a rule on impeachment by contradiction, we must look to the common law. *Garst* v. *Cullum, supra.* While it is clear that a witness cannot be impeached by extrinsic evidence on collateral matters brought out in cross-examination, this limitation does not apply to answers given on direct. Rather, when a witness testifies on direct examination that he has not committed collateral acts of misconduct, that testimony may be contradicted by extrinsic evidence. *McFadden* v. *State, supra*; *Howell* v. *State*, 141 Ark. 487, 217 S.W. 457 (1920). *See also Garst* v. *Cullum, supra*; W. Gitchell, *Admissibility of Evidence*, pp. 25, 53, 131 (1990).

Here, the evidence that appellant sought to contradict was elicited from the State's witnesses on direct examination. Since Ark. R. Evid. 608(b) does not apply, and since Ark. R. Evid. 403 would not have been offended by admission of the evidence, *see McFadden* v. *State, supra*, we conclude that the trial court erred in excluding the proffered evidence.

■ Appellant next contends that the trial court erred in refusing to instruct the jury on the lesser included offense of possession of a controlled substance. We agree that possession of a controlled substance is a lesser included offense of delivery of a controlled substance, *Glover* v. *State*, 273 Ark. 376, 619 S.W.2d 629 (1981), and that it is reversible error not to give a correct instruction on a lesser included offense if there is any rational basis upon which the jury could find the accused guilty of the lesser crime. However, it is equally well settled that where a jury rationally could only find the accused guilty of the greater offense or of nothing at all, such an instruction should not be given. *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986); *Flurry* v. *State*, 290 Ark. 417, 720 S.W.2d 699 (1986).

Here, appellant argued only that he was not guilty of the offenses charged because he had been entrapped. He admitted

that on each occasion, at the request of Ahlf and Carruthers, he took their money, purchased controlled substances, and transferred the substances to them. As appellant thus admitted every element of the greater offenses, *see, e.g., Webber* v. *State*, 15 Ark. App. 261, 692 S.W.2d 255 (1985), there could be no rational basis for a lesser offense instruction. On the facts of this case, the jury was required to convict him of the greater offenses or acquit him because he had been entrapped.

Appellant next contends that the trial court erred in refusing his three alternative instructions on the defense of entrapment and in giving the following instruction instead:

> Len Jeffery Hill asserts the defense of entrapment to the charge of delivery of cocaine, eight (8) counts. To establish this defense the defendant must prove: that a law enforcement officer or any person acting in cooperation with him, induce the commission of the offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

This instruction is a combination of Arkansas Model Criminal Jury Instructions (AMCI) 4001 and 4007.

Appellant argues that AMCI 4007 is inadequate and prejudices the criminal defendant because it does not define normally law-abiding persons and fails to instruct the jury that the primary focus should be on the conduct of the law enforcement officer or persons acting in cooperation with him. Appellant offered three alternative instructions, any one of which he argues would have cured the defects.

By per curiam order dated January 29, 1979, the supreme court provided that the model instructions should be used unless the trial court finds that they do not accurately state the law. The instruction given by the trial court in this case was taken almost verbatim from the statute authorizing the defense. *See* Ark. Code Ann. § 5-2-209 (1987). We cannot conclude that it does not contain a correct statement of the law applicable to the defense. While it might have been permissible for the trial court to have given appellant's requested instruction No. 3, which

correctly states our case law, we cannot conclude that it was error for the trial court not to do so.

Appellant also argues other points of error. As they are not likely to arise again on retrial, we do not address them.

Reversed and remanded.

ROGERS and JENNINGS, JJ., agree.