Gary SHAVER *v.* STATE of Arkansas
CA CR 90-346                                                 826 S.W.2d 300■
Court of Appeals of Arkansas
En Banc
Opinion delivered March 11, 1992

*Wilson, Engstrom, Corum & Dudley* by: *Gary D. Corum*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Pamela Rumpz*, Asst Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. This criminal case presents questions in the law of evidence. Gary Shaver was found guilty by a jury in Carroll County Circuit Court of manufacturing a controlled substance in violation of Ark. Code Ann. § 5-64-401. On May 7, 1990, he was sentenced by the court to four years imprisonment. We find no reversible error and affirm.

At trial the State produced evidence to show that five patches of marijuana were found growing on Mr. Shaver's farm in rural Carroll County. In his own defense, Shaver testified that from 1986 to the date of trial he had found marijuana on his farm on several occasions and had reported it to the police each time. On direct, appellant testified:

Q   Did you ever plant any marijuana on your place?

A   No, Sir.

Q Not any one of these years?

A Never.

This cross-examination followed:

Q Was '86 the first year you began growing marijuana?

A (No audible response.)

Q I asked you a question.

A That's a trick answer.

Q Is that the first year you began growing marijuana?

A I have never grown marijuana.

Q As a matter of fact, in the year 1986 someone stole your marijuana; is that correct?

A No.

Q You went around accusing everyone of it, didn't you?

A No, sir. I didn't.

Q You know you, you were ready to repeat the sheriff's alleged profanity to the jury yesterday. You don't ever use profanity; do you?

A Once in a while.

Q Ever now and then?

A Yeah.

Q When you get riled up?

A Yeah.

Q Sometimes you even get violent; isn't that correct?

A No. Not really.

Q Ever now and then, don't you?

A I have been before, yeah.

Q As a matter of fact, you have gotten riled up and you used profanity and even got violent looking for marijuana at times; isn't that correct?

A   No.

MR. DAVIS:   Objection, Your Honor.

THE COURT:   What grounds?

MR. DAVIS:   This wasn't covered on direct and it's not a proper cross-examination point, Your Honor.

The court overruled the objection and the State then asked Mr. Shaver if he had not had a confrontation with a Mr. Whitely in September, 1986, in which he accused Whitely of stealing his marijuana and struck him. The State also asked if he had not accused one John Holt in September of 1986 of taking his marijuana. Shaver denied that either incident occurred. Subsequently, on rebuttal, the State called both Whitely and Holt who testified, without objection, that the incidents did occur.

The arguments on appeal are that the State's cross-examination was outside the scope of cross, that the cross-examination violated Rule 608(b), and that the calling of the rebuttal witnesses violated Rule 608(b).

The objection made adequately raises the first issue argued on appeal: whether the question was outside the scope of cross-examination. However, an objection must be timely made. Ark. R. Evid. 103(a)(1); *Gustafson v. State*, 267 Ark. 830, 593 S.W.2d 187 (1979). Testimony that is merely cumulative cannot constitute reversible error. *See Snell v. State*, 290 Ark. 503, 721 S.W.2d 628 (1986), cert. denied, 484 U.S. 872 (1987).

Assuming for the sake of argument that the objection was timely enough, we find no error in the court's ruling that the question was within the scope of cross-examination. The cross-examiner is given wide latitude, particularly in matters relating to the witness's credibility. *Gustafson v. State*, 267 Ark. 830, 593 S.W.2d 187 (1979). The trial judge has considerable discretion in determining the scope of cross-examination. *Bennett v. State*, 308 Ark. 393, 825 S.W.2d 550 (1992); *Wilson v. State*, 289 Ark. 141, 712 S.W.2d 654 (1986). Here, the question was logically related to matters raised on direct by the defendant himself, i.e., his assertion that he had never grown marijuana on his farm. We find no error in the court's ruling.

Appellant also argues that the State's cross-examination

violated Ark. R. Evid. 608(b). That rule provides, in pertinent part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The threshold question is whether the objection made raises the 608(b) issue. In our view it does not — the objection relates only to the issue of the proper scope of cross-examination.

▌▌ Even had the objection been sufficient to raise the 608(b) issue, no error was committed. Here, the cross-examination related to alleged statements made by the defendant which would contradict his direct testimony. This is impeachment by contradiction. *See Garst v. Cullum*, 291 Ark. 512, 726 S.W.2d 271 (1987); *McDaniel v. State*, 291 Ark. 596, 726 S.W.2d 679 (1987); *McFadden v. State*, 290 Ark. 177, 717 S.W.2d 812 (1986); *Hill v. State*, 33 Ark. App. 135, 803 S.W.2d 935 (1991); *Spicer v. State*, 2 Ark. App. 325, 621 S.W.2d 235 (1981). *See also* Edward J. Imwinkelried, *Uncharged Misconduct Evidence* § 6:16 (1984); Frederick C. Moss, *The Sweeping-Claims Exception in the Federal Rules of Evidence*, 1982 Duke L. J. 61. The procedure is so well established that, as the court in *Garst* noted, there is no express provision for it in the Uniform Rules of Evidence, although it is implicitly authorized by Ark. R. Evid. 613. Rule 608(b) has no application to the issue of impeachment by contradiction. *McFadden v. State*, 290 Ark. 177, 717 S.W.2d 812 (1986); *Hill v. State*, 33 Ark. App. 135, 803 S.W.2d 935 (1991); W. Dent Gitchell, *Charting a Course Through Character Evidence*, 41 Ark. L. Rev. 585 (1988); Imwinkelried, *supra*. We think that the better view is that Rule 403, which permits the court to exclude relevant evidence if its probative value is substantially out-weighed by the danger of unfair prejudice, is applicable. *See*, e.g., *United States v. Benedetto*, 571 F.2d 1246

(2nd Cir. 1978); *United States* v. *Green*, 648 F.2d 587 (9th Cir. 1981); Moss, *supra* at 95; Gitchell, *supra* at 635. However, the Rule 403 issue must be specifically brought to the attention of the trial court. *Walker* v. *State*, 301 Ark. 218, 783 S.W.2d 44 (1990).

▌ Appellant also contends that it was error to permit Whitely and Holt to testify on rebuttal. The argument, again, is that this violated Ark. R. Evid. 608(b). Because no objection whatever was made to the testimony of the rebuttal witnesses, the issue is not preserved for appeal. Ark. R. Evid. 103(a)(1).

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, J., dissents.

ROGERS, J., not participating.

MELVIN MAYFIELD, Judge, dissenting▌ I cannot agree with the majority decision in this case. My disagreement is not so much with rules of law referred to by the majority as it is with the application of that law to the facts.

The majority quotes the objection made to a question asked by the state on cross-examination of the appellant but fails to quote the reason given by the state to support its right to pursue the line of questions upon which the state was about to embark.

On direct examination, the appellant had testified that on two occasions he had found marijuana growing on his land; that he reported this to law enforcement officers; and that he did not plant or grow this marijuana — or any other marijuana on his land. On cross-examination, the appellant was asked:

> As a matter of fact, you have gotten riled up and you used profanity and even got violent looking for marijuana at times; isn't that correct.

Counsel for appellant objected to this question and in response to the court's inquiry of the grounds upon which the objection was based, counsel stated:

> This wasn't covered on direct and it's not a proper cross-examination point, Your Honor.

The court then asked the prosecuting attorney to "show me the relevance." The prosecutor then replied:

> Yes, Your Honor, I intend to tie this line of testimony — questioning — directly to Bobby Whitely and other individuals. I will establish that this individual has confronted folks in the year 1986 accusing them of stealing his marijuana and in fact got violent with them, including Mr. Whitely.

To this statement the trial judge replied:

> I will overrule your objection and I will admonish the jury once again that the statements from counsel are not evidence and you should take into account the evidence that's brought to you from the witness stand and the exhibits.

The prosecutor then went directly to questions in which he asked the appellant if he had a confrontation with Mr. Whitely in September of 1986; if he did not strike Mr. Whitely at that time; and if he did not accuse him of having stolen appellant's marijuana. The same kind of questions were asked with regard to James Allen and John Eddie Holt.

Appellant denied that these events occurred; however, after the appellant rested his case, the state then called Whitely and Holt to the stand on rebuttal, and each of them testified that the appellant had accused them of stealing his marijuana and went into great detail concerning alleged threats and acts of violence committed against them by the appellant. James Allen described how the appellant simply walked up and hit him without any exchange of words. Allen said he was a friend of Whitely. Apparently, this was the only reason for appellant's alleged attack on Allen.

It should be noted that the alleged threats and attacks took place *before* the marijuana, which the appellant was charged with growing, was discovered. The appellant argues that the "obvious purpose" of the state was to portray the appellant "as a mean, violent man who grew marijuana in the past — and, therefore, he must have been the grower and caretaker of the marijuana found on his property at the time of his arrest." While the appellant denies that these alleged prior bad acts occurred, it

is also argued that even if they did, they had no place in the trial of this case; that appellant "was not charged with battery, or terroristic threatening," and this case should be reversed and appellant tried on the violation for which he was charged.

I agree that appellant did not have a fair trial. The problem started when the trial court overruled the appellant's objection that the question asked was not covered on direct examination and was not proper cross-examination. Ark. R. Evid. 611(b) provides that "cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." Appellant did not object to the questions asked on cross-examination as to whether someone had stolen appellant's marijuana in 1986, or whether appellant had gone around "accusing everyone of it." The question to which appellant objected asked:

> As a matter of fact, you have gotten riled up and used profanity and even got violent looking for marijuana at times; isn't that correct.

This was not the subject matter of anything testified to on direct examination. Appellant did testify that he had never grown marijuana, and he did not object to cross-examination on that point. But the question about being riled up, using profanity, and committing acts of violence while looking for his marijuana was outside the scope of his direct testimony.

In addition, the question objected to was not a "proper cross-examination point." Ark. R. Evid. 608(b) provides that "specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence." But in regard to cross-examination, Rule 608(b) provides as to "specific instances of the conduct of a witness" that:

> They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to whose character the witness being cross-examined has testified.

As to Rule 608(b), the Arkansas Court of Appeals said in *Urquhart* v. *State*, 30 Ark. App. 63, 782 S.W.2d 591 (1990):

> In interpreting this rule, the supreme court has adopted a three-fold test for admissibility: (1) the question must be asked in good faith; (2) the probative value must outweigh its prejudicial effect; and (3) the prior conduct must relate to the witness's truthfulness. *Mackey* v. *State*, 279 Ark. 307, 651 S.W.2d 82 (1983). The latter prong of the test has been taken to mean a lack of veracity rather than dishonesty in general. *McKinnon* v. *State*, 287 Ark. 1, 695 S.W.2d 826 (1985); *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982).

30 Ark. App. at 66. Carrying a pistol into a courtroom is not probative of whether the witness is truthful or not. *Richmond* v. *State*, 302 Ark. 498, 505, 791 S.W.2d 691 (1990). Embezzlement is not probative of untruthfulness and therefore cannot be inquired about on cross-examination under Rule 608(b). *Stiz* v. *State*, 23 Ark. App. 126, 743 S.W.2d 18 (1988). And I do not think that whether appellant was riled up, used profanity, or committed acts of violence is probative of whether he is truthful or not. Thus, under Rule 608(b), it was error to overrule the objection to the question asked on cross-examination of appellant.

Although the question asked on cross-examination violated the cross-examination provisions contained in both Rule 611(b) and Rule 608(b), the majority opinion in this case holds the question was proper under what is called "impeachment by contradiction." One case cited for that proposition is *Spicer* v. *State*, 2 Ark. App. 325, 621 S.W.2d 235 (1981). There, the appellant testified on direct that he had never been previously involved in a drug transaction, and we held it was not error to ask on cross as to whether he had been guilty of such a crime on a certain date. We cited *Montaque* v. *State*, 219 Ark. 385, 390, 242 S.W.2d 697 (1951), for authority and quoted the following language from that opinion:

> Counsel for the State had a right to question appellant on cross-examination as to prior arrests, in the circumstances, in an effort to show that he had not truthfully answered the above questions propounded by his own counsel on direct

examination.

We said in *Spicer* that although *Montaque* was decided prior to the Uniform Rules of Evidence, the same result was reached in federal courts which have the same evidence rule as our Rule 608(b). However, we also pointed out that a limitation on the right to cross-examine about a matter brought out by direct is found in evidence Rule 403 which allows the court to exclude evidence if its probative value is, among other factors, substantially outweighed by the danger of unfair prejudice or the misleading of the jury. 2 Ark. App. at 331-32. Moreover, we said the court "may also require a good faith showing on the part of counsel" as suggested in *Gustafson* v. *State*, 267 Ark. 278, 590 S.W.2d 853 (1979), and *Harper* v. *State*, 1 Ark. App. 190, 614 S.W.2d 237 (1981).

The majority opinion cites *McFadden* v. *State*, 290 Ark. 177, 717 S.W.2d 812 (1986), as authority. I have no problem with that case or other cases like it. It relies on Arkansas cases which hold that a party, by giving direct evidence of good character, opens the door to rebuttal evidence showing bad character. It cites authority which refers to this as "fighting fire with fire," and cites a United States Supreme Court case, *Walder* v. *United States*, 347 U.S. 62 (1954), as an example of the application of that rule.

However, *McFadden* as did *Spicer* v. *State, supra*, notes a limitation on the use of evidence of other crimes to "fight fire with fire." The case of *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 598 (1990), is cited for this limitation. That case held that "it is mandatory" for the trial judge to also review the objections to such evidence under the evidentiary standards prescribed by Rule 403. That rule provides that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

So, in the instant case, my view is that the trial court should have sustained the objection made by appellant to the cross-examination question set out in this and the majority opinion. Evidence that the appellant had claimed to own the marijuana previously growing on his land would clearly be admissible, under

the theory advanced in the majority opinion and also under Ark. R. Evid. 404(b) (as proof of intent, plan, or knowledge). But the ruling made by the court allowed evidence of bad acts and violations of the law to also come in. Once the questions were allowed on cross-examination "the fat was in the fire" and the matter was out of control. Appellant did not have to object to the rebuttal evidence after the ruling made on the objection to the question on cross-examination. *See* E. Cleary, *McCormick on Evidence*, § 52 at 132 (3rd ed. 1984) (most courts hold that one is entitled to assume the judge will continue to make the same ruling and the objection need not be repeated). Indeed, it is probable that it would have hurt appellant's cause in the minds of the jury to have objected again.

Had the court sustained the objection to the cross-examination question, the evidence of bad acts and unlawful conduct could not have been revealed to the jury until the evidence was offered on rebuttal. At that time appellant would have been required to object to each question he thought improper and the court could have controlled the matter.

I would reverse and remand so that appellant can be tried on the violations charged and not on the uncharged bad conduct with which most of the evidence in this case was concerned.