Robert Lee JACKSON *v.*
STATE of Arkansas

CA CR 84-91

677 S.W.2d 866

Court of Appeals of Arkansas
En Banc
Opinion delivered October 17, 1984

*William C. McArthur,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. This case was submitted to the trial court on a charge of criminal conspiracy to possess a controlled substance. The trial court found appellant, Robert Lee Jackson, guilty but reduced the charge to a misdemeanor. He was sentenced to ninety days in the Pulaski County Jail. A prior suspended sentence was revoked and appellant was sentenced to one year in the Arkansas Department of Correction, with both sentences to run concurrently. We affirm.

Appellant's first assignment of error involves the question of whether the trial court erred in allowing taped and transcribed telephone conversations into evidence when

positive identification of the party could not be made. Appellant relies principally upon the fact that undercover Officer Houser stated candidly that he could not positively identify appellant Jackson as the person who called him. The evidence reveals that Officer Houser received several telephone calls from a person who "sounded like Jackson", concerning a deal in which Officer Houser was to sell ten pounds of marijuana for $5,000.00. The evidence clearly established that appellant Jackson showed up at the time and place in furtherance of the proposed purchase pursuant to the prearranged telephone instructions. Appellant contends that Rule 803 of the Uniform Rules of Evidence prohibits the admission of the telephone conversations without proper and positive identification of the speakers. A similar issue was addressed in *United States* v. *Biondo,* 483 F.2d 635 (8th Cir. 1973), *cert. denied,* 415 U.S. 947 (1974). In a prosecution for conspiracy to extort money, the victim, Wozniak, on direct examination, testified about two phone calls allegedly received from Biondo, in which Biondo threatened him and arranged for a meeting for a payoff. The defendants claimed that no sufficient foundation was laid for the introduction of the evidence. The Court noted that Biondo's presence on May 20 at the meeting place and at the time arranged by the caller would certainly constitute circumstantial evidence as to the identity of the caller. Since neither party in the case at bar has provided us with any Arkansas law to the contrary and our research has not revealed any, we adopt as precedent the holding of *Biondo, supra.* It is well settled that a telephone conversation is admissible provided the identity of the speaker is satisfactorily established. *New York Life Ins. Co.* v. *Silverstein,* 53 F.2d 986 (8th Cir. 1931). Voice identification is an issue of fact which may be established by both direct and circumstantial evidence. *United States* v. *Turner,* 528 F.2d 143 (9th Cir. 1975). We belive an application of these rules to the facts of this case requires us to affirm on this point as there was both direct and circumstantial evidence presented which created an issue of fact for the trier of fact to resolve. Accordingly, we cannot say that the trial judge's ruling on the issue of the admissibility of the tapes and transcriptions was an abuse of discretion.

Appellant's second point for reversal is that the trial court erred in admitting evidence of a prior conviction in the State's case in chief when appellee's stated purpose of offering the judgment of conviction was to prove appellant's predisposition in response to the asserted defense of entrapment. It should be noted that the record reveals that appellee offered this evidence for the stated purpose of absence of mistake, knowledge and intent.

This issue arose out of a prolonged discussion between the trial court and counsel at the end of the State's case. Defense counsel had previously moved to suppress evidence concerning the search and seizure of a suitcase of marijuana and the discussion of this motion occurred following cross-examination of Officer Wayne Chaney. Appellant's counsel then interjected a motion for a directed verdict on the basis of entrapment. At this point the prosecutor proffered evidence of a prior conviction stating that it had not planned to introduce it at that time but in view of appellant's raising of the entrapment defense, it was necessary to do so. The trial court allowed the admission of the evidence.

In *Spears v. State,* 264 Ark. 83, 568 S.W.2d 492 (1978), appellant contended that the trial court erred in permitting the State to present the testimony of Jess Baker, Jr., to the effect that he had purchased controlled substances from appellant on three different occasions. This testimony was offered as a part of the State's case in chief. The Court found no evidence of entrapment in the State's evidence and found that under the entrapment statute, this testimony was not proper at that stage of the proceedings. The Court went on to state that the testimony would have been proper in rebuttal to appellant's testimony relating to entrapment, as it would be relevant to the question of whether the conduct of the undercover officer, and more particularly, his informant, did more than afford appellant an opportunity to make a sale of controlled substances.

Rule 404(b), Uniform Rules of Evidence, provides that evidence of other acts or crimes is not admissible to prove the character of a person or that he is a bad man. They may be admissible, however, to prove motive, opportunity, intent,

preparation, plan, knowledge, identity or acts absent of mistake or accident. *Harper* v. *State,* 7 Ark. App. 28, 643 S.W.2d 585 (1982). Furthermore, such evidence is usually admissible in rebuttal to the defense of entrapment. When reviewing the facts of the instant case, it is clear that defense counsel had laid the groundwork for his defense of entrapment through his cross-examination of the State's witnesses. By his trial tactic of moving for a directed verdict on the basis of entrapment, appellant's counsel invited the State to proffer the evidence of the prior conviction as evidence of absence of mistake, knowledge and intent on appellant Jackson's part in this occurrence. In other words, appellant placed it in issue through his motion for a directed verdict. The implication in *Spears, supra,* is that if evidence of entrapment is produced in the State's evidence, then evidence of a prior bad act can be properly introduced in rebuttal, regardless of whether the State has rested. We find no error in this ruling of the court.

Appellant's third point for reversal alleges that the trial court erred in not suppressing evidence based upon an illegal search. The record reflects that following the purchase of marijuana from Officer Houser, appellant Jackson placed the marijuana in a suitcase he had brought with him. He went to his automobile and put the suitcase in the backseat. Before he could sit down in the driver's seat, he was arrested. The suitcase was removed from the automobile and opened on the spot. Appellant argues that the officers should have first obtained a search warrant before searching the suitcase. We believe this contention is answered by *New York* v. *Belton,* 453 U.S. 454 (1981); *Chimel* v. *California,* 395 U.S. 752 (1969); *United States* v. *Singer,* 687 F.2d 1135 (8th Cir. 1982).

In *Belton, supra,* an automobile in which appellee Belton was one of the occupants was stopped by a New York State policeman for traveling at an excessive rate of speed. In the process of discovering that none of the occupants owned the car or was related to the owner, the policeman smelled burnt marijuana and saw on the floor of the car an envelope suspected of containing marijuana. He then directed the occupants to get out of the car and arrested them for

unlawful possession of marijuana. After searching each of the occupants, he searched the passenger compartment of the car, found a jacket belonging to appellee Belton, unzipped one of the pockets, and discovered cocaine. Appellee Belton was subsequently indicted for criminal possession of a controlled substance.

The substance of the Court's holding was that the search of appellee Belton's jacket was a search incident to a lawful custodial arrest, and hence did not violate the Fourth and Fourteenth Amendments. The jacket, being located inside the passenger compartment of the car, was within the arrestee's immediate control within the meaning of *Chimel, supra,* wherein it was held that a lawful custodial arrest creates a situation justifying the contemporaneous warrantless search of the arrestee and of the immediately surrounding area. The United States Supreme Court held that not only may the police search the passenger compartment of the car in such circumstances, but they may also examine the contents of any containers found in the passenger compartment. Such a container may be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have. Clearly, *Belton* is controlling when the facts of this case are considered and we find no merit to this contention.

Finally, appellant argues that the trial court erred in refusing to acquit appellant on grounds of entrapment. The record reflects that at some point in time, Wayne McDonald, a confidential informant working with Officer Houser, informed appellant that Officer Houser, identified by his undercover identity of Ronnie, was selling large quantities of marijuana and would sell appellant some of it. Officer Houser then received two telephone calls from appellant through the telephone used by the narcotics section for undercover operations. The subject brought up by appellant and discussed in each telephone conversation was the purchase of marijuana.

Officer Houser followed those telephone calls with two

others he made to appellant concerning the purchase. Officer Houser arrived on time at the agreed rendezvous, a motel room, with some marijuana to "sell" appellant. Appellant arrived with a suitcase and triple beam scale with which to weigh the marijuana. He weighed the marijuana, paid Officer Houser for it, left the room and placed the suitcase in his automobile.

Appellant testified that he would never have participated in these activities but for the urging of Wayne McDonald, the confidential informant working with Officer Houser. Appellant stated that McDonald persuaded him that he, ". . .could get the marijuana and he (McDonald) would get rid of it for me." During the taped conversations between appellant and Officer Houser, appellant negotiated for a reduced price for the ten pounds of marijuana. Appellant also inquired of Officer Houser if the marijuana was "good brown." Appellant said further, "Hey man, its exactly how I make my living and I'm always looking for a good connect man. See, you'll be a good connect Ron" (Officer Houser). Officer Houser testified that after the purchase in the motel room , appellant asked if he could get in touch if he needed more marijuana.

Entrapment is an affirmative defense which must be proved by the defendant by a preponderance of the evidence. *Spears, supra.* Entrapment occurs when a law enforcement officer or any person acting in cooperation with him, induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Furthermore, conduct merely affording someone an opportunity to commit an offense does not constitute entrapment. Ark. Stat. Ann. § 41-209 (Repl. 1977). Entrapment does not occur when government agents merely afford one the opportunity to do that which he already has a predisposition to do. See, *Sherman* v. *United States*, 356 U.S. 369 (1958); *Harper, supra; Rhoades and Emmerling* v. *State*, 270 Ark. 962, 607 S.W.2d 76 (Ark. App. 1980), *cert. denied*, 452 U.S. 915 (1981).

Accordingly, we hold that the trial court's determination that appellant had failed to meet his burden of proof in

establishing entrapment by a preponderance of the evidence was not in error.

Affirmed.

COOPER and MAYFIELD, JJ., concur.

JAMES R. COOPER, Judge, concurring. I concur in the result reached by the majority, and I also concur in Judge Mayfield's concurring opinion on the issue of entrapment. My agreement on the search and seizure issue is based, however, on the fact that Rule 12.1(d) (Repl. 1977) of the Arkansas Rules of Criminal Procedure decides this issue. Rule 12.1(d) states:

> An officer who is making a lawful arrest may, without a search warrant, conduct a search of the person or property of the accused for the following purposes only:
>
> * * *
>
> (d) to obtain evidence of the commission of the offense for which the accused has been arrested or to seize contraband, the fruits of crime, or other things criminally possessed or used in conjunction with the offense.

I do not believe that *New York* v. *Belton,* 453 U.S. 454 (1981) or *Chimel* v. *California,* 395 U.S. 752 (1969) have anything to do with this case. Both those cases deal with the search of the immediate area surrounding the person who is being arrested, either to protect the officer or to prevent the destruction of evidence. Further, neither case involved a search "to obtain evidence of the commission of the offense for which the accused has been arrested. . ." as is contemplated in Rule 12.1(d) of the Arkansas Rules of Criminal Procedure. The majority court reaches the right result on the search and seizure issue, but by an unnecessary, and, in my view, erroneous route.

Judge Mayfield joins in this concurring opinion.

MELVIN MAYFIELD, Judge, concurring. I am in agreement with the majority opinion but concur in an attempt to enforce the point that evidence to refute the defense of entrapment can be properly introduced "regardless of whether the state has rested."

In *People* v. *Mann*, 31 N.Y.2d 253, 288 N.E.2d 595, 61 A.L.R.3d 286 (1972), the court said, "The better view, it seems to us, would be to admit competent proof of criminal disposition and prior convictions as part of the People's direct case when it is 'clear that the defense of entrapment will be invoked.' " There the defense was raised by pretrial pleading and by defense counsel's opening statement and his cross-examination of the prosecution's witnesses. For other cases to the same effect, see Annot., *Admissibility of Evidence of Other Offenses in Rebuttal of Defense Entrapment*, 61 A.L.R.3d 293 (1975).

COOPER, J., joins in this concurrence.