Harvey SUMNER *v.* STATE of Arkansas

CA CR 90-202                                    816 S.W.2d 623

Court of Appeals of Arkansas
Division II
Opinion delivered October 9, 1991

*Harkness and Friedman*, by: *Al Williams, Jr.*, for appellant.

*Ron Fields*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Harvey Sumner was found guilty by a Hempstead County jury of possession of marijuana with intent to deliver and possession of cocaine with intent to deliver. Sumner was sentenced to a total of nineteen years imprisonment.

On appeal four arguments are made: (1) that the trial court improperly refused to instruct the jury on entrapment; (2) that the court improperly commented on the evidence; (3) that the court erred in denying appellant's motion for directed verdict; and (4) that the court improperly failed to consider probation as an alternative. We must reverse and remand on the last point; otherwise we affirm.

At trial, Wesley Sossamon, the enforcement director for the Ninth East District Drug Task Force, testified that he was operating as an undercover officer in February 1989. Sossamon was introduced to the appellant and asked him if he had any marijuana for sale. Sumner told Sossamon that he thought he could locate some in Hope, Arkansas. Sossamon testified that he, Mr. Sumner, and several others got into the officer's car and went to Hope. They went to several houses and when Mr. Sumner could not find any marijuana, Sumner asked Sossamon if he would be interested in buying some crack cocaine. Sossamon said that he would.

The group then went to another house in Hope. Sossamon gave Sumner $100.00 and asked him to buy two twenty-five dollar "rocks" of cocaine. Sumner went into the house and returned with the cocaine and the officer's change.

Approximately two weeks later Sossamon asked Sumner to buy him two "quarter bags" of marijuana and gave him $60.00. Sumner obtained the marijuana and delivered it to Sossamon.

■ During his opening statement, appellant's counsel began to discuss the defense of entrapment with the jury. The trial court, on its own motion, then ruled the defense should not refer to the word entrapment during the trial because entrapment had not been pled. This ruling was made despite the state's acknowledgement that it had been put on notice that the defense would be raised. We agree that this ruling was error. Ark. Code Ann. § 5-1-111 (1987) provides that a defendant must prove an affirmative defense by a preponderance of the evidence. Rule 18.3 of the Arkansas Rules of Criminal Procedure provides that the prosecuting attorney shall, upon request, be informed as soon as practicable before trial of the nature of any defense. In a civil case, affirmative defenses must be pled. Ark. R. Civ. P. 8(c); *Mercer* v. *Nelson*, 293 Ark. 430, 738 S.W.2d 417 (1987). We can find no corresponding requirement in the criminal law requiring the pleading of affirmative defenses.

■ Nevertheless, we hold that the ruling was harmless error. It is clear from the record that appellant was permitted to put on his evidence relating to the claimed defense. His theory of the case was that because the officer simulated smoking marijuana with him, the appellant did not believe Mr. Sossamon was a police officer, so the appellant was not afraid to obtain drugs for him. According to Ark. Code Ann. § 5-2-209 (1987), "Entrapment occurs when a law enforcement officer or any person acting in cooperation with him induces the commission of an offense by using persuasion or other means likely to cause normal law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." Here, as in *Hill* v. *State*, 13 Ark. App. 307, 683 S.W.2d 628 (1985), there was no evidence that the officer promised anything to the appellant, nor that he used "persuasion or other means likely to cause [a] normally law-abiding" person to commit the offense. Where there is no evidence to support the giving of an instruction it is not error to refuse it. *Hill*, *supra*; *see also Parks* v. *State*, 11 Ark. App. 238, 669 S.W.2d 496 (1984). Because appellant was permitted to put on his evidence relating to his theory of entrapment and because the trial court was correct in declining to instruct the jury on the defense, the court's error in its initial ruling was harmless. *See Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984).

After the jury had retired to deliberate, the court was informed that they had a question to ask. When they were returned to the courtroom, the foreman stated:

> [T]he simulation practice given in the testimony, is that we notice the word he used was practice. Is that a legal practice? I mean, is it covered? Is it a law that covers that or states that? Is that done under the law?

The court advised the jurors that it would need to confer with counsel before it could answer the question. After that conference, which apparently was not recorded, the court advised the jury, without objection, "Ladies and gentlemen of the jury, as to the first question, the simulation of the use of drugs by law enforcement is an accepted law enforcement practice." Appellant now claims that this amounts to a comment on the evidence. We agree with the state that this situation is governed by the principal that appellant cannot agree with the ruling made by the trial court and then attack that ruling on appeal. *See Gilbert* v. *State*, 277 Ark. 61, 639 S.W.2d 346 (1982).

Appellant contends that the evidence is insufficient to support the verdict. His specific argument is that there was insufficient evidence to establish his intent to deliver. Intent, being a subjective matter, is ordinarily not susceptible to proof by direct evidence but usually must be established by circumstantial evidence. *Taylor* v. *State*, 28 Ark. App. 146, 771 S.W.2d 318 (1989). We hold that under the facts in this case the jury could permissibly infer that the appellant intended to deliver the controlled substances.

At the time of sentencing, appellant asked the court to consider probation as an alternative. The court responded that probation was not an option available under the law. Sumner contends on appeal that the court abused its discretion in failing to consider probation. This issue was decided in appellant's favor in *Pennington* v. *State*, 305 Ark. 507, 808 S.W.2d 780 (1991). On virtually identical facts, the court in *Pennington* held that it was error for the circuit court to fail to consider a request for probation following a conviction of possession of cocaine with intent to deliver. We therefore reverse and remand this case to permit the trial court to consider appellant's request.

Affirmed in part; reversed and remanded in part.

DANIELSON and MAYFIELD, JJ., agree.