Charles KELLOGG *v.* STATE of Arkansas

CA CR 90-291 827 S.W.2d 166

Court of Appeals of Arkansas
Division II
Opinion delivered March 18, 1992

164

*The Strother Firm, P.A.*, by: *Judith C. Strother*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JUDITH. ROGERS, Judge. The appellant, Charles Kellogg, was convicted in a jury trial of two counts of delivery of a controlled substance, marijuana, and one count of delivery of a controlled substance, cocaine. He was sentenced to terms of five years for each of the convictions involving the delivery of marijuana, and was sentenced to twenty years in prison for the delivery of cocaine; all sentences were ordered to be served consecutively. Appellant advances six issues for the reversal of his convictions. We find no reversible error, and accordingly we affirm.

As his third issue, appellant contends that the trial court erred in not dismissing the charge of delivery of cocaine because the prosecution failed to prove that a "useable amount" of cocaine was delivered. We must discuss this issue first, as when there is a challenge to the sufficiency of the evidence, the appellate court is required under the decision in *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), to review that point prior to considering other allegations of trial error. When the sufficiency of the evidence is at issue on appeal, we review the evidence in the light most favorable to the appellee, and affirm if there is any substantial evidence to support the verdict. *Brown* v. *State*, 35 Ark. App. 156, 814 S.W.2d 918 (1991). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation and conjecture. *Alford* v. *State*, 33 Ark. App. 179, 804 S.W.2d 370 (1991).

At trial, Troy Combs identified himself as a paid informant who had been working in cooperation with the Arkansas State Police and the Baxter County Sheriff's Department. He testified that appellant came to his apartment on January 9, 1990, and offered to arrange a sale of marijuana. Combs said that during this conversation appellant informed him that there was also a gram of cocaine for sale. Mr. Combs pretended that he might have a friend who would be interested in buying the cocaine as well as the marijuana, and Combs privately alerted the Baxter County Sheriff's Department from a telephone upstairs. After this phone call, Combs told appellant that he had to leave to go get the money from his friend. Combs then went to the sheriff's office where he was given money and was equipped with a body microphone. While there, Combs telephoned appellant at

Combs' apartment and they discussed that a half-ounce of marijuana would cost $90 and that the gram of cocaine would cost $120. Combs returned to his apartment and gave appellant $210. Appellant left and returned about an hour later with the marijuana and cocaine.

Combs further testified that during this exchange appellant told him that more marijuana would be available in several days, and that it would cost only $35 for a quarter of an ounce. Combs related that appellant came to his apartment on January 12, 1990, and that a deal was arranged whereby he would purchase an ounce of marijuana from appellant for $140. As with the first transaction, the sheriff's department furnished the buy money and Combs was again fitted with a microphone. Appellant came to Combs' apartment and received the money, and appellant left and returned sometime later with the marijuana.

In support of his argument that the evidence is insufficient to sustain the conviction for the delivery of cocaine, appellant relies on the testimony of Nick Dawson, a chemist with the state crime lab. He testified that the purported gram of cocaine submitted to him for analysis actually weighed .583 grams, and that it tested positive for cocaine and lidocaine. He described lidocaine as a non-controlled substance, and said that it is commonly used by persons selling cocaine as a cutting agent to lessen the purity of cocaine so as to increase the seller's profit. On cross-examination, Dawson stated that he did not analyze the sample to determine the respective percentages of cocaine and lidocaine. He said, however, that it would require at least ten milligrams of cocaine to test positive in each of the three screening tests he performed, and a lesser amount for the mass spectrometry and thin layer chromatography tests he also conducted. On the basis of this testimony, appellant contends that the prosecution failed to prove that a useable amount was delivered. He cites *Harbison* v. *State*, 302 Ark. 315, 790 S.W.2d 146 (1990), as authority for his position.

In *Harbison* v. *State, supra*, our supreme court held that possession of a controlled substance must be of a measurable or useable amount to constitute a violation of Ark. Code Ann. § 5-64-401. The court reasoned that legislation criminalizing the possession of controlled substances was aimed at preventing use

and trafficking of prohibited substances, and then concluded that the possession of a trace or less than useable amount does not contribute to either of those purposes. Unlike *Harbison*, however, this is a case involving the delivery of a controlled substance, which is defined as "the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance or counterfeit substance in exchange for money or anything of value, whether or not there is an agency relationship." Ark. Code Ann. § 5-64-101(f) (1987). We have held that the useable amount standard announced in *Harbison* has no application to cases of delivery. *Gregory* v. *State*, 37 Ark. App. 135, 825 S.W.2d 269 (1992).

In *Harbison*, the court was influenced by decisions from other jurisdictions. One of those decisions was *State* v. *Moreno*, 92 Ariz. 116, 374 P.2d 872 (1962), where the Arizona court held that a useable amount of a controlled substance must be found in order to constitute the offense of possession. In a subsequent case, however, the Arizona Supreme Court rejected the argument that the state must prove that a useable amount was sold in a conviction for the sale of a narcotic drug. The court said:

> Appellant's position is without merit. The charge of possession of a narcotic drug, as in other crimes, requires a union of act and intent. As a matter of law the intent necessary to establish the crime of possession is not present when the amount is so minute as to be incapable of being applied to any use, even though it might be identified as narcotics by chemical analysis. But where the crime charged is the sale of a narcotic drug, the required intent is established by the transfer of any amount when accompanying circumstances indicate an intent to sell.

*State* v. *Ballesteros*, 100 Ariz. 262, 413 P.2d 739 (1966) (citation omitted). *See also State* v. *Cortez*, 101 Ariz. 214, 418 P.2d 370 (1966). *Accord Reyes* v. *State*, 480 S.W.2d 373 (Tex. Crim. App. 1972); *People* v. *Case*, 270 Cal. App. 2d, 76 Cal. Rptr. 111 (1969).

In *Harbison*, the court was concerned with the offense of possession and the lack of criminal culpability when the evidence reveals only infinitesimal amounts of a controlled substance. On the other hand, trafficking in illegal substances is one of the

condemned evils recognized by the supreme court in its decision. There was evidence here that appellant sold a quantity of cocaine in exchange for $120. This constitutes substantial evidence to sustain appellant's conviction for the delivery of a controlled substance. Consistent with the holding and rationale of *Harbison*, it was not incumbent upon the state in these circumstances to produce evidence of a useable amount.

Appellant also argues that the trial court erred in failing to exercise discretion in ordering his sentences to be served consecutively. He bases this argument on a handwritten notation found on the judgment and commitment order which states, "sentence [sic] to run consecutively because these are separate jury verdicts indicating jury's desire for separate sentences, and [the] court deems it appropriate." Citing *Acklin* v. *State*, 270 Ark. 879, 606 S.W.2d 594 (1980), and our decision in *Wing* v. *State*, 14 Ark. App. 190, 686 S.W.2d 452 (1985), appellant argues that this notation indicates that the trial court did not exercise discretion in imposing consecutive sentences. We disagree.

██ The decision as to whether multiple sentences are to be served concurrently or consecutively is left to the sound discretion of the trial judge and the exercise of that discretion will not be altered on appeal unless it is clearly shown to have been abused. *Patton* v. *State*, 281 Ark. 36, 660 S.W.2d 939 (1983). In *Acklin* v. *State, supra*, the supreme court found the exercise of that discretion to be lacking when the trial judge imposed consecutive sentences either because of his view that the defendant had asked for a jury trial without a defense, or because it was the trial judge's standard practice to order consecutive sentences. In *Wing* v. *State, supra*, we reversed and remanded for resentencing when the trial judge's comments indicated that he had imposed consecutive sentences based on his perception of the jury's intention and his declaration that he rarely deviated from the jury's wishes. In remanding that case, we noted the supreme court's statement in *Acklin* that the choice between concurrent and consecutive sentences lies with the trial judge, not the jury, and we said that the trial judge should make it clear that it is his or her discretion being exercised when entering sentences. We believe the trial judge made this clear in this case, as he specifically stated that he "deemed it appropriate" for appellant's sentences to be served consecutively. This is manifestly indicative

of an exercise of discretion, and does not reflect the application of an inflexible rule or rigid adherence to the perceived intention of the jury. We find no abuse of discretion in the trial court's decision.

Appellant next argues that it was error for the trial court to have allowed the admission of state exhibits four and six, which are tape recordings of the drug transactions. He also argues that the trial court erred in allowing the jury to review a transcription of exhibit six while listening to the tape. It is the appellant's contention that the tape recordings were not properly admissible because they were inaudible and unintelligible.

We note at the outset that we are unable to address appellant's argument with regard to exhibit six because the tape has not been included in the record on appeal. It is the appellant's duty to bring up a record sufficient to demonstrate error. *Cox* v. *State*, 299 Ark. 312, 772 S.W.2d 336 (1989). The record also reveals that the transcript of exhibit six was not actually introduced into evidence and that appellant interposed no objection to the jury being provided with copies of the transcript while listening to the tape. We do not address issues which are raised for the first time on appeal. *Ellis* v. *State*, 36 Ark. App. 219, 821 S.W.2d 56 (1991).

Exhibit four has been made a part of the record, and it is a tape recording of that portion of the January 9, 1990, transaction involving the exchange of contraband upon appellant's return to Mr. Combs' apartment. Appellant argues that the recording is of such poor quality as to be inadmissible. The general rule is that a recording such as the one at issue is admissible unless the inaudible portions are so substantial as to render the recording as a whole untrustworthy. *Hamm* v. *State*, 301 Ark. 154, 782 S.W.2d 577 (1990). The admissibility of tape recordings containing inaudible portions is a matter within the sound discretion of the trial court, and we will not reverse unless there has been an abuse of that discretion. *Walker* v. *State*, 13 Ark. App. 124, 680 S.W.2d 915 (1984). The tape at issue does admittedly contain portions that are inaudible or unintelligible due to background noise from children who were present and a television set that was playing at a high volume. However, the recording as a whole is not so incomprehensible as to make it

untrustworthy, and we find no abuse of discretion in the admission of the exhibit.

During appellant's cross-examination of Mr. Combs, appellant elicited responses from the witness that he had never sold drugs and that he had not used drugs since December of 1989. As his fourth issue, appellant contends that the trial court erred in excluding the testimony of three defense witnesses whom appellant desired to call for the purpose of contradicting these assertions made by Mr. Combs. The trial court disallowed this testimony as extrinsic evidence of conduct based on Rule 608(b) of the Arkansas Rules of Evidence. We uphold the trial court's exclusion of this evidence, although for a different reason.

It has been held that the Rules of Evidence, and in particular Rule 608(b), has no application to the issue of "impeachment by contradiction;" therefore, we must look to the common law to determine the propriety of the trial court's action. *See Garst v. Cullum*, 291 Ark. 512, 726 S.W.2d 271 (1987). We have recognized that when a witness testifies on direct examination that he has not committed collateral acts of misconduct, that testimony may be contradicted by extrinsic evidence. *Hill v. State*, 33 Ark. App. 135, 803 S.W.2d 935 (1991). *See also McFadden v. State*, 290 Ark. 177, 717 S.W.2d 812 (1986). However, it is well settled that, when a witness is cross-examined on a matter collateral to the issue being tried, his answer cannot be contradicted by the party putting the question. *Teas v. State*, 23 Ark. App. 154, 744 S.W.2d 739 (1988). Since the testimony appellant sought to refute was revealed on cross-examination, the trial court did not err in excluding extrinsic evidence of impeachment on this collateral matter. We affirm the court if it is correct even though the court states the wrong reason for its ruling. *Hicks v. State*, 28 Ark. App. 268, 773 S.W.2d 113 (1989).

As his fifth point, appellant contends that the trial court erred both in refusing to instruct the jury on the defense of entrapment and in allowing Mr. Combs to testify that he had used drugs with appellant in the past. Appellant argues that he was entitled to an instruction on entrapment based on evidence that Mr. Combs was unemployed and was being paid for his cooperation with the authorities. Appellant objected to the testimony of Mr. Combs regarding past drug usage on the sole ground that

"previous alleged misconduct on the part of a Defendant is not admissible." On appeal, appellant contends that this testimony was inadmissible because it was designed to give the jury the impression that he was a bad person.

Entrapment occurs when a law enforcement officer or any person acting in cooperation with him induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. *White* v. *State*, 298 Ark. 163, 765 S.W.2d 949 (1989); Ark. Code Ann. § 5-2-209(b) (1987). However, conduct of the officer or informant merely affording the accused the opportunity to do that which he is ready, willing and able to do is not entrapment. *Webber* v. *State*, 15 Ark. App. 261, 692 S.W.2d 255 (1985). Entrapment is an affirmative defense which must be proved by a preponderance of the evidence. *Harper* v. *State*, 7 Ark. App. 28, 643 S.W.2d 585 (1982). Instructions in the law should be given to the jury if there is evidence to support the giving of that instruction. *Hill* v. *State*, 13 Ark. App. 307, 683 S.W.2d 628 (1985). When there is no evidence to support the giving of an instruction, it is not error to refuse it. *Sumner* v. *State*, 35 Ark. App. 203, 816 S.W.2d 623 (1991). Here, while there is evidence that the informant was paid for his efforts, there was no additional evidence tending to show that Combs induced appellant into committing the offense by use of "persuasion or other means likely to cause [a] normally law-abiding" person to commit the offense. *See id*. Therefore, we find no error in the trial court's refusal to instruct the jury on entrapment.

With respect to the testimony of Mr. Combs, Rule 404(b) of the Arkansas Rules of Evidence provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of the person to show that he acted in conformity therewith. The rule further provides, however, that such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident. Such actions may be admissible if they are relevant to prove some material point rather than merely to prove the defendant is a criminal. *See Harper* v. *State*, 7 Ark. App. 28, 643 S.W.2d 585 (1982). Furthermore, such evidence is usually admissible in rebuttal to the defense of entrapment. *Jackson* v. *State*, 12 Ark. App. 378, 677 S.W.2d 866 (1984).

In response to appellant's objection, the prosecutor stated that the purpose of this testimony was to rebut appellant's asserted defense of entrapment. The prosecutor also offered to forego this line of questioning if appellant had decided not to pursue this defense. Appellant made no further argument or objection, and the trial court allowed Mr. Combs, the state's first witness, to testify on direct examination that he and appellant had used marijuana together and that there was nothing unusual about appellant asking him if he wanted to purchase marijuana on these two occasions. Testimony of the kind complained of here, as reflective of the accused's predisposition toward committing the crime, is generally admissible to rebut the defense of entrapment, and is thus relevant on a material point in issue. Therefore, we find no abuse of discretion in the trial court's ruling based on the objection made at trial as well as the argument advanced on appeal.

In addressing this issue, however, we point out that we are not unmindful of the decision in *Spears* v. *State*, 264 Ark. 83, 568 S.W.2d 492 (1978), which suggests that this testimony was not properly admitted at this stage of the proceedings. In *Spears*, while recognizing that this type of evidence is admissible in rebuttal to the defense of entrapment, the court reversed the conviction in that case because the testimony was offered as part of the state's case in chief and there was no evidence of entrapment presented in the state's case. Here, however, there was no objection that Combs' testimony was not admissible at this point in the proceedings, and thus this precise issue was not preserved, nor is it even argued, on appeal. It is well established that the only specific objection available on appeal is the specific objection made in the trial court. All other specific objections are waived. *Whaley* v. *State*, 11 Ark. App. 248, 669 S.W.2d 502 (1984). Moreover, parties on appeal are bound by the scope and nature of those objections and arguments presented to the trial court for its consideration. *Taylor* v. *State*, 299 Ark. 123, 771 S.W.2d 742 (1989).

As his final issue, appellant argues that the trial court erred in denying his motion for a new trial in which he asserted ineffective assistance of counsel. On this issue it is the appellant's burden to prove ineffective assistance of counsel, and it is a heavy burden because counsel is presumed effective. *Mays*

v. *State*, 303 Ark. 505, 798 S.W.2d 75 (1990). To prove ineffective assistance of counsel, the appellant must first show that counsel's performance was deficient in that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the appellant of a fair trial whose outcome cannot be relied upon as just. *See Wainwright* v. *State*, 307 Ark. 569, 823 S.W.2d 449 (1992).

 As his first allegation, appellant contends that counsel was ineffective by not calling him to testify. Appellant states that his testimony would have allowed him the opportunity to present his version of the facts relative to the defense of entrapment. The accused has the right to choose whether to testify in his own behalf. *Robinson* v. *State*, 295 Ark. 693, 750 S.W.2d 60 (1988). Counsel may only advise the accused in making the decision. *Watson* v. *State*, 282 Ark. 246, 667 S.W.2d 953 (1984). At the hearing, trial counsel testified that he did not deem it advisable for appellant to testify because he recognized that the evidence of entrapment was weak and that appellant would have had to openly admitt the charges in order to establish this defense. The decision to advise a defendant not to take the stand, even if it proves improvident, is a tactical decision within the realm of professional judgment, and matters of trial tactics and strategy are not grounds for post-conviction relief. *Wainwright* v. *State*, *supra*. We cannot say appellant was denied a fair trial on this claim.

 Appellant next argues that counsel was ineffective for having cross-examined Mr. Combs on the subject of appellant's past drug usage. This issue was not included in appellant's written motion, nor was it argued at the hearing as a basis for a new trial. We need not consider a claim of ineffective assistance of counsel on a ground which is being raised for the first time on appeal. *See Mays* v. *State*, *supra*. Therefore, we do not discuss this issue.

 Lastly, appellant contends that counsel's caseload was extremely busy before his trial and that counsel was not adequately prepared to assist in his defense. He argues that counsel did not visit with him frequently enough to discuss the case and that he did not interview or locate potential witnesses. Appellant

fails to state, however, what witnesses or relevant facts the attorney could have found had he adequately investigated and prepared the case. Therefore, the allegations are conclusory and will not provide a basis for post-conviction relief. *Brooks* v. *State*, 303 Ark. 188, 792 S.W.2d 617 (1990); *Gilbert* v. *State*, 282 Ark. 504, 669 S.W.2d 454 (1984).

The primary objective of review of allegations of ineffective assistance of counsel is not to grade counsel's performance, but to determine whether actual prejudice occurred. *Cranford* v. *State*, 303 Ark. 393, 797 S.W.2d 442 (1990). Of the issues raised in support of his claim, appellant has demonstrated no actual prejudice resulting from the representation he received at trial.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.