Randall BURKETT *v.* STATE of Arkansas

CA CR 92-392                                    842 S.W.2d 857

Court of Appeals of Arkansas
Division II
Opinion delivered December 23, 1992

*Bob Keeter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Didi Sallings*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Randall Burkett was convicted in Polk County Circuit Court of possession with intent to deliver a controlled substance (marijuana) and possession of drug paraphernalia and was sentenced to a total of fourteen years in the Department of Correction. For reversal Burkett argues that the

trial court erred in admitting in evidence a statement made by his girlfriend, Sherry Smith, and that the evidence is insufficient to support the verdict. We agree that the out-of-court statement should not have been received in evidence and reverse and remand for new trial.

■ We first address the issue of the sufficiency of the evidence. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). In determining the sufficiency of the evidence we consider all of the evidence, including that which may have been erroneously admitted. *Enoch* v. *State*, 37 Ark. App. 103, 826 S.W.2d 291 (1992). We will affirm on the question of the sufficiency if the jury's verdict is supported by substantial evidence. *Bargery* v. *State*, 37 Ark. App. 118, 825 S.W.2d 831 (1992). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Kellogg* v. *State*, 37 Ark. App. 162, 827 S.W.2d 166 (1992).

The evidence at trial was that the Polk County Sheriff and other law enforcement officers went to an apartment in Mena at 415 Mena Street on October 16, 1990, to serve a felony warrant on the defendant. The only person in the apartment was Sherry Smith.[1] Ms. Smith signed a consent to search and the officers found a large quantity of marijuana under a mattress in the bedroom. In a kitchen cabinet they also found two packages of cigarette rolling papers, one pair of folding type scissors (which, according to an officer, was used to trim hand-rolled cigarettes), a box of pills, a glass vial containing "a clear rock substance," a brass type container, various Ziplock bags "common to the delivery of marijuana," a pipe lighter, and $80.00 in cash.

Sherry Smith was called as a witness by the State, but claimed her privilege against self-incrimination under the Fifth Amendment to the United States Constitution. The trial court ruled that she was unavailable as a witness under Rule 804(a)(1) of the Arkansas Rules of Evidence and admitted into evidence her out-of-court statement as a statement against interest under Rule 804(b)(3). Her statement was:

---

[1] Ms. Smith and the defendant were married on December 4, 1990.

I live at Apt. 5, 415 Mena Street and live with Randall D. Burkett. We are not married, but have a child, Courtney Smith, age 1 year old. The marijuana found by Officer Nelson in my apartment is not mine, nor do I use dope. The drugs found in my apartment is Randy Burkett's. I do not sell drugs and have never sold any drugs. I would always go outside when Randy sold drugs. I know some of the guys who come to our house to pick up marijuana, but I never delivered anything to them.

■ We hold that the evidence was sufficient to support the jury's verdict. According to the evidence the only persons living in the apartment on Mena Street were Randall Burkett, Sherry Smith, and their one-year-old baby. According to Ms. Smith's statement the marijuana in the apartment belonged to Burkett and he was in the business of selling it. This evidence is sufficient to support the jury's verdict on the possession count.

■■ While the evidence linking the defendant with the drug paraphernalia is circumstantial, we think the jury could properly infer that the paraphernalia belonged to the defendant from his joint occupancy of the apartment coupled with Ms. Smith's statement that he was selling marijuana from time to time. We have said many times that the law makes no distinction between direct and circumstantial evidence. *Duncan* v. *State*, 38 Ark. App. 47, 828 S.W.2d 847 (1992).

■ The case must, however, be reversed on the issue of the admissibility of Sherry Smith's statement. We find no fault with the circuit judge's conclusion that the witness was unavailable within the meaning of Rule 804 nor with his conclusion that the statement qualified generally as a "statement against interest." But the case is clearly governed by the last sentence of Rule 804(b)(3): "A statement or confession offered against the accused in a criminal case, made by a co-defendant or other person implicating both himself and the accused, is not within this exception." In the case at bar Sherry Smith's statement was "offered against the accused in a criminal case" and it implicated both herself and the defendant. The statement was therefore not within the hearsay exception and its admission requires reversal.

Reversed and Remanded.

COOPER and DANIELSON, JJ., agree.