Tau CARTER and Marco Lamont Sanford *v.*
STATE of Arkansas

CA CR 93-549                                    878 S.W.2d 772

Court of Appeals of Arkansas
En Banc
Opinion delivered June 29, 1994

206

*William R. Simpson, Jr.*, Public Defender, by: *Michelle Young Leding*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Tau Carter and Marco Lamont Sanford were found guilty of possession of a controlled substance with intent to deliver. Carter was sentenced to ten years in the Arkansas Department of Correction; Sanford was sentenced to fifteen years imprisonment and a fine of $15,000.00. Their sole point on appeal is that the evidence was insufficient because the State did not present testimony concerning intent. We find no error and affirm.

In determining the sufficiency of the evidence we consider all of the evidence, including that which may have been erroneously admitted. *Burkett* v. *State*, 40 Ark. App. 150, 842 S.W.2d 857 (1992). We review the evidence in the light most favorable to the State and affirm if there is any substantial evidence to support the trial court's judgment. Substantial evidence, whether direct or circumstantial, is evidence of such sufficient force and character that it will compel a conclusion one way or the other, without resorting to speculation or conjecture. *Turner*. v. *State*, 24 Ark. App. 102, 749 S.W.2d 339 (1988). Intent, being a subjective matter, is ordinarily not susceptible of proof by direct evidence but usually must be established by circumstantial evidence. *Sumner* v. *State*, 35 Ark. App. 203, 816 S.W.2d 623 (1991).

In the afternoon of September 1, 1992, a narcotics squad of the Little Rock Police Department went to 18th and Park Streets to investigate complaints of drug sales. Appellants Carter and Sanford were part of a group on the porch at 1722 South Park, described as a duplex or apartment with two front doors.

As the uniformed officers approached the residence, Carter pulled a small white box out of his pocket and turned toward one of the doors. He did not obey Officer Anthony Brainard's order to stop. Officer Brainard grabbed Carter and recovered the white dental floss container which Carter was placing in a mailbox just inside the door. Officer Robert Mourat retrieved a brown pill bottle and a clear Lifesavers tube which Sanford dropped into a mailbox outside the other door. The Lifesavers tube contained only a residue, but the pill bottle held twenty-eight rocks of crack cocaine.

The dental floss container held eight rocks of crack cocaine with a total weight of .87 grams. The weight of the twenty-eight rocks was 3.46 grams. In Arkansas possession of more than one gram of cocaine creates a rebuttable presumption that the person possesses it with intent to deliver. Ark. Code Ann. § 5-64-401(d) (Supp. 1991); *Johnson* v. *State*, 35 Ark. App. 143, 814 S.W.2d 915 (1991). Thus, the presumption of intent to deliver arose against Sanford and the jury was permitted to infer that he possessed 3.46 grams of cocaine with the intent to deliver it. We find that the evidence summarized above was sufficient to support his conviction.

The dental floss box which Carter took from his pocket held less than a gram of cocaine, so the statutory presumption of intent to deliver did not arise against him. Detective Austin Lynch testified that his work in the narcotics detail had included undercover buys as well as searches and seizures in crack houses. He testified that he had seen crack cocaine smoked in crack pipes. He said that typically only one rock would be smoked in a crack pipe unless the rocks were small, and that the eight rocks at issue were entirely too big to be placed in a crack pipe at one time. He stated that the street value of a single rock on September 1, 1992 was $20.00, and the eight rocks had an approximate value of $160.00.

The court qualified Detective Lynch as an expert witness for the limited subject of the suspected intent and use of narcotics. Detective Lynch stated that the number and total value of cocaine rocks affect his perception of how a person intends to use cocaine. Possession of one to three rocks would indicate to him possession for personal use. He testified that Carter's possession of the eight rocks here was "for the sole intent of sell-

ing it." The admissibility of this opinion evidence is not an issue on appeal.

■ Though the amount possessed was not enough to give rise to our statutory presumption, the jury could find from Detective Lynch's testimony that appellant possessed the drugs with intent to sell. The jury is the sole judge of the weight of the evidence and the credibility of the witness. AMI Crim. 104. Viewing the evidence in the light most favorable to the State, we conclude that there was substantial evidence to support appellant Carter's conviction.

Affirmed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. Although I agree to the affirmance of the conviction of appellant Sanford, I must dissent from the affirmance of appellant Carter's conviction for possession with intent to deliver. I would modify his conviction to simple possession.

The majority opinion points out that the amount possessed by Carter was not sufficient to give rise to the statutory presumption that it was possessed with intent to deliver. But the majority relies upon the opinion testimony of Detective Lynch who was allowed to testify that the eight rocks of cocaine found in the dental floss box that had been in appellant Carter's possession was, as the majority opinion puts it, "entirely too big to be placed in a crack pipe at one time," and "he thought that possession was for the 'sole intent of selling it.'" Except for this testimony and Lynch's testimony that the rocks had a street value of $20.00 each — a total value of $160.00 — there is no other evidence referred to in the majority opinion to support a finding that Carter possessed this cocaine with the "intent" to deliver it.

While the majority opinion does not mention "circumstantial" evidence, I do not think it could be seriously argued that evidence that Carter had in his possession eight rocks of cocaine worth $160.00 could constitute anything other than circumstantial evidence of his "intent" to deliver. Carter questions the sufficiency of this evidence to support his conviction, and the rule in this regard is well established:

The general rule with respect to the sufficiency of the evidence is that the evidence to support a conviction, whether direct or circumstantial, must be of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. We will affirm the verdict of the trial court, if it is supported by substantial evidence, and circumstantial evidence may constitute substantial evidence.

To be sufficient to sustain a conviction, the circumstantial evidence must exclude every other reasonable hypothesis consistent with innocence. This becomes a question for the factfinder to determine. In determining whether there is substantial evidence, the court reviews the evidence in the light most favorable to the appellee. Guilt may be proved, even in the absence of eyewitness testimony, and evidence of guilt is no less substantial because it is circumstantial.

*Lukach* v. *State*, 310 Ark. 38, 42, 834 S.W.2d 642, 644 (1992) (citations omitted). This does not mean, however, that the issue is not subject to appellate review. In *Chism* v. *State*, 312 Ark. 559, 567, 853 S.W.2d 255, 259 (1993), the court in reversing a conviction for kidnapping, said:

However, regardless of whether evidence is direct or circumstantial, it must still meet the requirement of substantiality — it must force the fact finder to reach a conclusion one way or the other without resorting to speculation or conjecture.

I think the issue here is analogous to the issue we have faced in several burglary cases. In *Tiller* v. *State*, 42 Ark. 64, 854 S.W.2d 730 (1993), we modified a conviction for attempted burglary to attempted criminal trespass because there was insufficient evidence to support a finding that the appellant, who attempted to force an apartment door open, intended to commit therein any offense punishable by imprisonment. There, we noted decisions by the Supreme Court of the United States which hold that the State is required to prove every element of the crime charged beyond a reasonable doubt. We also noted the case of *Norton* v. *State*, 271 Ark. 451, 609 S.W.2d 1 (1980), in which the Supreme Court of

Arkansas held that evidence of breaking into a house is not evidence of intent to commit a crime therein. And we noted the case of *Jimenez* v. *State*, 12 Ark. App. 315, 675 S.W.2d 853 (1984), in which this court held that, contrary to other cases discussed where the State had proved only that the appellant was "merely present," there was in *Jimenez* evidence of "other facts and circumstances from which the trial court could infer that appellant had the requisite intent."

In the present case, the appellant Carter did not testify, and I think the evidence of his guilt is only sufficient to support a finding of *possession* of a controlled substance. Detective Lynch's testimony that the eight rocks could not be placed in a crack pipe at one time does not mean that the eight rocks could not be smoked one rock at a time. It was the State's burden to exclude every other reasonable hypothesis consistent with innocence of the charge of possession with intent to deliver. Clearly the State's evidence did not exclude the reasonable hypothesis that the eight rocks of cocaine could be smoked one rock at a time. The evidence that Carter discarded the box containing the cocaine and turned to leave the area is no more reasonably consistent with the crime of possession with intent to deliver than with the crime of simple possession. And the evidence that the eight rocks had a total street value of $160.00 does not add enough to the rest of the evidence to say that the State proved the element of intent beyond a reasonable doubt as the United States Supreme Court has required in *Patterson* v. *New York*, 432 U.S. 197 (1977) and *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975). Nor does that value evidence add enough to the other evidence to exclude the reasonable hypothesis that Carter had the cocaine for his own use. To hold otherwise, in my view, is to allow the fact finder to resort to speculation or conjecture, and *Chism* v. *State, supra*, holds that this is wrong.

Finally, I note that the State has relied upon some out-of-state cases. The one most similar to the present case appears to be *Spriggs* v. *United States*, 618 A.2d 701 (D.C. App. 1992). There, the government's expert testified that "the quantity, packaging, and value of the drugs possessed by the appellant (thirteen separate packets — eight packets of heroin and five packets of cocaine — worth approximately $470.00) was more consistent with an intent to distribute than with personal use."

The court affirmed the conviction of "possession with intent to distribute" and pointed out that the expert's opinion was based in part "on the quantity, value, and packaging in smaller bags, and also on the possession of *both* heroin and cocaine." (Emphasis in the opinion.) Clearly, the evidence in that case was much stronger than is the evidence here.

In summary, based on the evidence in this case and the law as set out in the cases cited, I think the conviction of appellant Carter should be reduced to a conviction for possession only, which is a lesser included offense of possession with intent to deliver. *See Mock* v. *State*, 20 Ark. App. 72, 723 S.W.2d 844 (1987). Therefore, I would modify and remand for resentencing. *See Tiller* v. *State, supra.*