George GUTHERIE *v.* STATE of Arkansas

CA CR 95-235                                    915 S.W.2d 739

Court of Appeals of Arkansas
Division II
Opinion delivered February 28, 1996

*Christopher M. Jester*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. George Gutherie was convicted by a Craighead County jury of burglary and misdemeanor theft. He appeals from the theft conviction only, contending that the evidence was insufficient to support the conviction. We disagree and affirm.

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence. *Clark*

v. *State*, 315 Ark. 602, 870 S.W.2d 372 (1994). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992). In determining the sufficiency of the evidence, we review the proof in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. *Brown* v. *State*, 309 Ark. 503, 832 S.W.2d 477 (1992).

On February 18, 1994, Woodrow Wilson saw appellant's brother, Gerald, running out from behind Garland Platz's house. Wilson testified that he went into town to warn Platz. He testified that he told Platz that he thought appellant and his brother had "ripped him off." Garland Platz testified that after talking to Wilson he drove home and when he was about 100 yards from his house he saw appellant and his brother pulling out of his driveway. He testified that his VCR had been stolen. Platz gave Officer Terry Wicker a description of appellant's car. Wicker testified that when he stopped appellant's car, he saw a VCR in the car. Finally, appellant's brother testified that he had broken into Platz's house because appellant told him to get something so they could pawn it.

Appellant contends that the evidence was insufficient because the only testimony connecting him with the theft was that of his brother, an accomplice whose testimony had to be corroborated. Appellant was convicted of misdemeanor theft. In misdemeanor cases, the testimony of an accomplice alone is sufficient to support a conviction. Ark. Code Ann. § 16-89-111(e)(2) (1987). Appellant further argues that his brother's testimony was not credible. The issue of a witness's credibility was a matter for the jury to determine. *Carter* v. *State*, 46 Ark. App. 205, 878 S.W.2d 772 (1994). We hold that the evidence was sufficient to support the conviction.

Affirmed.

ROBBINS and GRIFFEN, JJ., agree.