# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY 1997 SESSION

FILED

April 3, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9604-CC-00165 |
| | ) | |
| vs. | ) | Dickson County |
| | ) | |
| **JAMES H. BURGESS,** | ) | Honorable Allen Wallace, Judge |
| | ) | |
| Appellant. | ) | |
| | ) | (Sentencing) |

FOR THE APPELLANT:

SHIPP R. WEEMS
District Public Defender

CAREY J. THOMPSON
Assistant Public Defender
P. O. Box 160
Charlotte, TN 37036
(on appeal)

STEPHEN L. HALE
101 West Market Street
P.O. Box 331
Bolivar, TN 38008
(at trial)

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General & Reporter

KAREN M. YACUZZO
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

MITCHUM ALSOBROOKS
District Attorney General

SUZANNE LOCKERT
Assistant District Attorney General
P.O. Box 580
Charlotte, TN 37036

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT,
JUDGE

OPINION

The defendant, James H. Burgess, pleaded guilty in Dickson County Circuit Court to two counts of aggravated assault, a Class C felony. As a Range I, standard offender, he received a five-year sentence for the assault of Dorothy Lester Johnston and a concurrent three-year sentence for the assault of Edwin Lester.[1] In this direct appeal as of right, the defendant contends that the five-year sentence is excessive and that the trial court erred by failing to suspend his sentences.

We affirm the judgment of the trial court.

Both the state and the defendant presented considerable testimony at the sentencing hearing. The victims testified that they went to "Tim II's" on February 3, 1995, to play some pool. During the evening, the defendant and Mr. Lester had "a few words" about a couple of chairs that the Lesters thought the defendant had appropriated wrongfully. According to Mr. Lester's testimony, the incident was brief and neither of the Lesters spoke to Mr. Burgess again. When the Lesters left the bar, Mr. Lester saw the defendant walking directly towards Jim Pantano, another patron, who had his back turned. Mr. Lester, who thought that the defendant was about to assault Pantano, yelled and gave the defendant a shove. The defendant swung around and slashed at both Lesters. Mr. Lester, who originally thought he had been struck by a fist, was cut slightly just behind the ear. Ms. Johnston, however, received a very serious cut to the throat that required 174 stitches and 14 staples to close. She suffers from permanent nerve damage which limits her activities and causes her serious pain.[2] Jim Pantano,

_____

[1] Ms. Johnston is Edwin Lester's ex-wife. She has remarried since the date these offenses occurred.

[2] The trial court ordered the defendant to pay restitution in the amount of $10,334.11.

who had spent a couple of hours drinking with the defendant that night, testified that as he turned around he saw that the defendant had a knife with about an inch of the blade protruding from his fist. The defendant testified that he was angry because he had been manhandled by the "bouncers" and thrown out of the bar. He had been slashing some tires to get even. When Mr. Lester shoved him, he turned and slashed with the knife to defend himself. He did not know who was behind him. He said that he cut the woman accidentally and that he greatly regretted her injury. At the sentencing hearing, he offered to pay $1,000 in restitution to Ms. Johnston and, in addition, to give her title to a mobile home worth about $4,000. The rest he offered to pay back in monthly payments. At the close of the hearing, the trial court denied the defendant's request for probation and sentenced the defendant to serve five years for the aggravated assault of Dorothy Lester Johnston concurrent to the three-year sentence imposed in the aggravated assault of Edwin Lester.

When an accused challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d)(1990 Repl.). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting our de novo review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to

rehabilitation. Tenn. Code Ann. § 40-35-210(b) (1990 Repl.); State v. Ashby, 823 S.W.2d at 168.

The trial judge, in this instance, did not identify on the record those enhancement factors on which he relied nor did he make any relevant factual findings. First, the trial judge found that there were no applicable mitigating factors. He found that the defendant's actions that night were inexcusable and incomprehensible and recommended to Ms. Johnston that she file a civil suit against him. After sentencing the defendant to the minimum sentence of three years on count two of the indictment, the trial court stated:

> In count one of the indictment, assault upon Dorothy J. Lester, the Court finds that's a much more serious case, and while -- and I want the Appellate Court, if they review this, to understand that I have considered the fact that the elements of the crime is bodily injury, serious bodily injury. However, this was such a reckless, unexcusable -- there's just no excuse for it. There's just none. This is just one of those things we hear on television sometime where people get killed or something that a rational human being can't figure it out. I can't figure this one out.
>
> So I think that case requires a five year sentence in the Tennessee Department of Corrections.

Therefore, we undertake our review of the length of defendant's sentence without any presumption of correctness. This court, however, may affirm the conviction based on enhancement factors found in our de novo review of the record. See State v. Pearson, 858 S.W.2d 879 (Tenn. 1993).

The circumstances of this case create a somewhat unusual situation. The indictment charged that the defendant unlawfully caused "serious

4

bodily injury to Dorothy 'Dody' Lester by use of a deadly weapon, to-wit: a knife...." Tennessee's aggravated assault statute reads:

> (a) A person commits aggravated assault who:
> (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
> (A) Causes serious bodily injury to another; or
> (B) Uses or displays a deadly weapon.

Tenn. Code Ann. § 39-13-102 (a)(1)(A),(B) (1990 Repl.) (emphasis added). Only one factor, either serious bodily injury or use of a deadly weapon, is required to constitute aggravated assault. According to the 1989 Criminal Sentencing Reform Act, causing particularly great personal injury and possessing or using a deadly weapon in committing a crime may be used as enhancement factors in appropriate cases in which they are not elements of the offense charged. Tenn. Code Ann. § 40-35-114 (6), (9). Different enhancement factors apply depending on which aggravator was used to support the conviction. See State v. DeWayne Foster, No. 01C01-9506-CC-00186 (Tenn. Crim. App., Nashville, March 22, 1996). Because the defendant pleaded guilty to the indictment, we are unable to determine from the record on which of the two elements the state relied for the conviction.[3] However, regardless of the theory chosen, either factor (6) or factor (9) should be given weight in determining the appropriate sentence. State v. DeWayne Foster, slip op. at 5.

Facts contained in the record prove beyond a reasonable doubt that the defendant has a previous history of criminal convictions and criminal behavior in addition to those necessary to establish the appropriate sentencing

---

[3] Since the Notice of Enhancement Factors includes factor (6) as a factor, the state may have intended to rely upon the use of a deadly weapon as the aggravating factor to raise the offense to aggravated assault. Certainly this was true in the assault on Mr. Lester where no serious bodily injury was involved. However, in his discussion of the attack on Ms. Johnston, the trial judge specifically refers to serious bodily injury as an element of the offense.

range.  Tenn. Code Ann. § 40-35-114(1).  The defendant admitted to having two DUI convictions in Shelby County, a previous assault charge that was dismissed when he paid restitution, and that he had been charged with criminal impersonation, driving without a license, and giving false information to a police officer.  In addition, he acknowledged that he had slashed the tires on three vehicles in the parking lot of Tim's II on the night of the assaults.  Factor (1) is appropriately applied to enhance the defendant's conviction.

The state contends that factor (10), that the defendant had no hesitation about committing a crime when the risk to human life was high, is an appropriate enhancement factor in this case.  We agree that the factor is not limited to the victim's life, and that, in suitable cases, the factor is appropriate when the proof establishes that there was risk to the life of a person other than the victim.  State v. Hicks, 868 S.W.2d 729, 732 (Tenn. Crim. App. 1993).  However, in this instance, the danger to others is not clearly established by the record.  The victims testified that others left the bar when they did but we do not know where those people were when the defendant began to wield his knife.  Moreover, the state's witness testified that the defendant's knife point was protruding by only an inch.  The record does not establish beyond a reasonable doubt that the defendant's actions endangered anyone other than the two victims.

Based on our de novo review, we find that the record supports the application of two enhancement factors:  either factor (6) or factor (9) and factor (1).  We found no applicable mitigating factors.[4]  Aggravated assault is a class C

---

[4]  A good faith effort to compensate a victim is a mitigating factor if the defendant makes the attempt before the crime is detected.  Tenn. Code Ann. § 40-35-113(5).  In this case, the defendant made no attempt to compensate Ms.

felony for which a Range I sentence is not less than three nor more than six years. Tenn. Code Ann. § 40-35-112(a)(3). On these facts, the imposition of a five-year sentence is supported by the record and is in accord with the sentencing principles set forth in Tennessee Code Annotated Sections 102 and 103. Therefore, we affirm defendant's sentence of five years for the aggravated assault of Dorothy Lester Johnson.

Because the appellant was sentenced as a Class C felon to less than eight years, he is presumably entitled to probation. Tenn. Code Ann. §§ 40-35-102(6), -303(a). The trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation unless sufficient evidence rebuts the presumption. State v. Ashby, 827 S.W.2d 166, 168 (Tenn. 1991); State v. Byrd, 861 S.W.2d 377, 379-380 (Tenn. Crim. App. 1993).

In this case, the trial court found that three factors rebutted the presumption.[5] First, the court emphasized the seriousness and extent of Ms. Johnston's injuries. Second, the court noted that the defendant had gone to the bar looking for trouble that night and that the violent and senseless attack on Ms. Johnston was the outcome.[6] Third, the trial judge found that the defendant had been less than candid with the court and chose to blame the circumstances rather than accept responsibility for his conduct.

---

Johnston until the day of the sentencing hearing.

[5] With respect to the issue of alternative sentencing, the trial court made detailed findings on the record.

[6] The trial judge characterized the defendant as "a time bomb waiting to go off."

The seriousness of the injuries which resulted from the senseless act of the defendant are part of the nature of the offense. The nature of the offense is one of a number of considerations by which a court must be guided in determining whether to grant or deny probation. Stiller v. State, 516 S.W.2d 617, 621 (Tenn. 1974). Before the nature of the offense alone warrants a denial of probation, the act must be "especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree." State v. Travis, 622 S.W.2d 529, 534 (Tenn. 1981); State v. Byrd, 861 S.W.2d at 380. This factor must outweigh all factors which support a grant of probation. Id. In this instance, the defendant, who was in a drunken rage, had just slashed the tires of every vehicle left in the parking lot. Then, holding the knife in his hand, he swung wildly at Mr. Lester who shoved him from behind and then slit from ear to ear the throat of a woman whom he had never met. On these facts we cannot say that the trial judge abused his discretion in denying probation on the basis of the nature of the offense.

However, even if the nature of the offense alone were not enough to support the denial of a suspended sentence, the defendant's lack of candor, his inability to cope with his violent tendencies, and his refusal to accept direct responsibility for his actions support the trial judge's conclusion. A defendant's truthfulness is probative on the issue of amenability to rehabilitation and is a factor which may be considered in determining the appropriateness of probation. State v. Byrd, 861 S.W.2d at 380. The defendant has a history of acting in ways that endanger the lives and property of others,[7] and is unlikely to rehabilitate himself if left to his own devices. Incarceration is justified in this instance to

---

[7] The record indicates that the defendant has two prior convictions for driving under the influence and one for assault.

8

avoid depreciating the seriousness of the offense and to protect the public from further senseless acts of violence.  Tenn. Code Ann. § 40-35-103(A),(B).  We affirm the trial court's denial of probation.

The trial court did not err in sentencing the defendant to serve five years in the Tennessee Department of Corrections as a Range I, standard offender.  We affirm the judgment of the trial court.

_____
CURWOOD WITT, Judge


CONCUR:

_____
GARY R. WADE, Judge

_____
DAVID G. HAYES, Judge